WILLIAM SPRING, Respondent, *v.* WATSON H. BOWNE, as Surviving Partner of the Firm of THOMAS B. BOWNE & SON, Appellant.

*Injury to a vessel — grounding at the dock — variance between complaint and proof, disregarded.*

The complaint in an action brought to recover damages for injuries done to the plaintiff's canal boat, alleged that the plaintiff undertook to transport in his canal boat a cargo of coal consigned to the defendant from Weehawken to Zerega's dock in Westchester creek; that upon his arrival at the creek the defendant assumed to tell him where to place his boat for the purpose of delivery, and that, by complying with the orders of the defendant, his boat grounded and was strained and damaged. There was also an allegation that the defendant promised and agreed, in case plaintiff complied with his request to move his boat to a place designated by the defendant for the purpose of unloading, to guarantee and save harmless the plaintiff against injury. The plaintiff offered no proof in support of this latter allegation.

*Held*, that as there was a cause of action stated in the complaint, leaving out the guaranty or indemnity clause, it was competent for the court to treat it as surplusage;

That a variance may be disregarded when no proof is furnished that the adverse party has been misled to his prejudice.

APPEAL by the defendant, Watson H. Bowne, as surviving partner of the firm of Thomas B. Bowne & Son, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of

the clerk of the county of Kings on the 13th day of February, 1895, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 13th day of February, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Herbert Green*, for the appellant.

*Stewart & Macklin*, for the respondent.

PRATT, J. :

This is an appeal from a judgment entered on a verdict of a jury. The suit was brought to recover damages for an injury to a canal boat.

There is no exception in the case except to a denial of the motion to dismiss the complaint made when plaintiff rested, and again when the evidence was closed.

The action was one which, under the old practice, would have been called an action on the case. The plaintiff undertook to transport in his canal boat a cargo of coal consigned to the defendant from Weehawken to Zerega's dock, in Westchester creek, and he claimed that upon his arrival at the creek the defendant assumed to tell him where to place his boat for the purpose of delivery, and that by complying with the orders of defendant his boat grounded and was strained and damaged. It was tried and submitted to the jury as a negligence suit. There was an allegation in the complaint that defendant promised and agreed, in case plaintiff complied with his request to move his boat to a place designated by the defendant for the purpose of unloading, to guarantee and save plaintiff harmless against injury. Upon this obligation the plaintiff offered no proof, and this fact was made by the defendant his principal ground of objection in the case, insisting that it was such a variance as to prevent the plaintiff's recovery.

This contention is not sound. There was a good cause of action stated in the complaint leaving out the guaranty or indemnity clause, and it was competent for the court to treat it as surplusage.

The rule is well settled that a variance may be disregarded when no proof is furnished that the adverse party has been misled to his prejudice. (Code, §§ 539, 540 and 541 ; *Hauck* v. *Craighead*, 4 Hun, 561; *Gossler* v. *Lissburger*, 19 Wkly. Dig. 291.)

The issue was whether the evidence of plaintiff, if believed by the jury, brought the case within the rule announced in *O'Rourke* v. *Peck* (40 Fed. Rep. 907), that the "owner or person having possession and the control of such a structure (to wit, a dock) is liable in damages to those coming to it, using due care, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the structure or the access to it."

The evidence warranted the inference that the defendant assumed control of the dock and told plaintiff where to place his boat.

The case was so fairly and clearly put to the jury by the charge of the judge, to which no exception was taken, that there could have been no misunderstanding by the jury.

The motion for a new trial was rightly overruled. We think the evidence in the case fully sustains the verdict, and that no error was committed upon the trial.

The judgment must be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.