BARBER v. ELLINGWOOD et al.

(Supreme Court, Appellate Division, First Department.   May 12, 1911.)

1. BROKERS (§ 38*)—LIABILITY TO PRINCIPALS—ACTION—PLEADING AND PROOF.

   Where a complaint by a stock speculator against his broker for damages for the closing out of plaintiff's transaction without notice to him or consent by him alleges, in addition to such cause of action, a special agreement between plaintiff and defendant that the latter would not execute any orders for the purchase and sale of goods beyond an amount that they would undertake to carry for plaintiff without calling on him for any margin beyond that which he had deposited with them, evidence as to the first cause of action stated was admissible without proof of the special agreement.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 31–36; Dec. Dig. § 38.*]

2. TRIAL (§ 139*)—TAKING QUESTIONS FROM JURY—WEIGHT OF EVIDENCE.

   Where there is more than a scintilla of evidence to support plaintiff's contention, the case should go to the jury, even if the court should deem it proper after a verdict for plaintiff to set it aside.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 338–341; Dec. Dig. § 139.*]

3. BROKERS (§ 38*)—LIABILITY TO PRINCIPALS—DAMAGES.

   Where a broker closes out a short transaction without notice to his customer or on insufficient notice, the customer is entitled to the difference between the price at which the short stock was bought in and the lowest market price of the stock within a reasonable time after the sale, less the broker's commission.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 31–36; Dec. Dig. § 38.*]

Action by Clarence L. Barber against Charles H. Ellingwood and another.   Motion by plaintiff for new trial on exceptions ordered to be heard in the first instance at the Appellate Division.   Exceptions sustained, and new trial granted.

See; also, 137 App. Div. 704, 122 N. Y. Supp. 369.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Philip J. Britt, for plaintiff.
Duncan Edwards, for defendants.

SCOTT, J.   The plaintiff moves for a new trial upon exceptions ordered to be heard in the first instance at the Appellate Division.   The cause has been twice tried.   On the first trial the plaintiff had a verdict, but the judgment was reversed on the ground that the verdict was against the evidence.   On the second trial the complaint was dismissed upon the plaintiff's proofs, the court apparently feeling itself constrained to take this action by some of the reasons given for reversing the former judgment.   135 App. Div. 549, 120 N. Y. Supp. 947.   Although there has been no change in the pleadings, the plaintiff sought, on the second trial, to proceed upon a somewhat different theory from that upon which he had proceeded on the first trial, and hence somewhat different questions were involved.   On the former

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appeal we were dealing only with the case as then presented, and whatever was said, however strongly it was put, was said only with reference to the record then before us.

[1] The action is by a stock speculator against his brokers for damages resulting from what is claimed to be the unwarrantable action of the defendants in closing out plaintiff's transactions without notice to him or consent by him. The complaint contains all the essential allegations for such a cause of action, and, in addition, alleges a special agreement between plaintiff and defendants that the latter would not execute any orders for the purchase and sale of goods beyond an amount that they would undertake to carry for plaintiff without calling upon him for any margin beyond what he had deposited with them. On the former trial the plaintiff relied upon proof of this special agreement to the extent of successfully objecting to the introduction of any evidence tending to justify defendants in closing out his transactions without his consent. It was because we considered that the evidence did not justify a finding that this special agreement had been made that the judgment was reversed. On the second trial the plaintiff sought to recover on the other allegations of the complaint, without attempting to prove the special agreement. This the court declined to permit, holding that plaintiff could not recover except upon first proving the special agreement which he alleges. The complaint is somewhat unusual and inartificial in form, but, as has been said, it states a sufficient cause of action exclusive of the special agreement which it alleges. That seems to have been pleaded in anticipation of a defense which it was apprehended defendants might interpose. We think that plaintiff should have been permitted to prove such of the allegations of his complaint as he was able to prove, even if he could not prove all, and, if what he did prove established a cause of action, his complaint should not be dismissed. In such case the allegations unproven could be disregarded. Spring v. Bowne, 89 Hun, 10, 35 N. Y. Supp. 46; Conaughty v. Nichols, 42 N. Y. 83; Sussdorff v. Schmidt, 55 N. Y. 319; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; Butler v. Hirzel, 87 App. Div. 462, 84 N. Y. Supp. 693.

[2] We are also of the opinion that plaintiff should have been permitted to go to the jury on his proofs as to the alleged special agreement, even if the court would have deemed it proper, after a verdict for plaintiff, to set it aside. There was certainly more than a scintilla of evidence to support the plaintiff's contention. It is true that substantially the same evidence was before this court on the former appeal, but there was also much more, some of which served to weaken appreciably the force of that offered by plaintiff.

[3] It is suggested by counsel that one of the opinions rendered on the former appeal left it somewhat uncertain what rule of damages should be applied when a broker unwarrantly undertakes to close out a "short" transaction which he has been carrying for his customer. In that opinion a majority of the court did not concur. The whole subject has since been exhaustively examined by the presiding justice in an opinion in which he reviewed the leading authorities on the sub-

-ject in this state. Matter of Mills, 139 App. Div. 54, 123 N. Y. Supp. -671. It was there pointed out that, when a broker makes a "short" sale for a customer, he impliedly undertakes to continue the short sale for a reasonable time to enable his customer to acquire a profit, pro- -vided the customer keeps his broker secured, which it is his corre- sponding duty to do. As was said in White v. Smith, 54 N. Y. 522:

"The broker can, however, close the transaction at any time if the margin, upon his demand and notice, is not kept good; and after he has carried the stock for a reasonable time, thus affording the customer an opportunity to realize his expectations, he may, upon notice, close the transaction with his ·customer."

In the latter case, however, that when the broker elects to close the transaction, for reasons other than a shortage of security, the notice to the customer of the intention to close it should afford the latter a reasonable opportunity to replace the transaction by a sale through some other agency. An actual closing out of the transaction by the broker without notice to his customer is equivalent to a closing out upon insufficient notice, and the rights of the parties are the same in the one case as the other. In either case the fault of the broker lies in not affording his customer a reasonable time within which to replace the transaction elsewhere, and the customer is entitled to recover as ·damages the profit he would have made if his broker had given him reasonable notice of the intention to close the transaction, carry- ing it on meanwhile. The learned justice who presided at the first trial charged the jury upon this subject as follows:

"As to the short transaction, he (plaintiff) would be entitled to the differ- -ence between the price at which the short stock was bought in and the low- -est market price of the stock, within a reasonable time after the sale, less the broker's commission, unless the closing out of the short transaction is found by you to have been at the plaintiff's ·order or with his consent and ·approval after he had full knowledge of what was done."

This instruction was not objected to by either party at the time it was given, and in our opinion states succinctly, so as to be compre- hended by the average lay juror, the proper rule to be applied in the ·case of an unauthorized closing out of a short transaction.

The exceptions must be sustained and a new trial granted, with ·costs to abide the event. All concur.