HOMER RAISIS, Respondent-Appellant, *v.* EISELE & KING, LIBAIRE, STOUT & Co., Appellant-Respondent.

First Department, February 20, 1964.

*Harry T. Zucker* for appellant-respondent.

*Martin N. Whyman* of counsel (*Whyman* and *Neitlich,* attorneys), for respondent-appellant.

*Per Curiam.* Defendant is a stock brokerage concern and plaintiff was one of its customers. The controversy between them arises out of a short sale of 200 shares of E. L. Bruce Co. common stock, executed by defendant for plaintiff on April 25 and April 29, 1958. The stock thereafter rose in value and, beginning July 2, 1958, defendant made demands for additional margin. Following repeated demands, and some compliance, the stock was bought in by defendant, 100 shares on July 3, 1958, at 11:00 A.M., at $111 per share, 50 shares at $120 per share at 1:33 P.M., the same day, and 50 shares on August 6, 1958, partly at $82 per share and partly at $84 per share.

The case was tried by the court without a jury. As to the first 100 shares bought in, the trial court found, on evidence that we believe to be satisfactory, that the transaction was ratified by plaintiff, and we believe this to be correct. As to the last 50 shares, the defendant claims that this purchase was made over the counter at a time when the American Stock Exchange forbade " closing out " off the Exchange of contracts made on the Exchange in E. L. Bruce stock. This ruling can avail plaintiff nothing. As plaintiff knew, the short sale could only be effected by the defendant borrowing the stock from a third person. This borrowing was not a transaction made on the Exchange. Admittedly, the lender of the stock demanded its return on August 6. Both parties were obligated to honor this demand. Neither was protected from complying by the Exchange rule. And so Trial Term concluded.

There remains for consideration the additional 50 shares bought in by defendant in the early afternoon of July 3. Plaintiff's contract with defendant gave the latter the right to buy in the shares at any time that defendant deemed the account insufficiently margined without notice or demand for margin, and prior notice or demand shall not be deemed a waiver. The facts were that late on July 2, defendant sent a telegram requesting $7,100 additional margin. To this, plaintiff responded with a telephone call to defendant's customer's man, in which he agreed to deposit $3,000. Later that morning plaintiff again telephoned and ordered the covering purchase of 100 shares. There is a dispute as to the conditions of the order, but this is the sale which the court found was ratified.

According to the contract, no notice or demand was necessary to enable defendant to buy the plaintiff in at any time that they deemed themselves insecure. But, having made a demand, defendant would be required to give plaintiff a reasonable opportunity to comply (*Rosenthal* v. *Brown*, 247 N. Y. 479). But here plaintiff did not comply. Nor are we able to find anything in

the record that the $3,000 sent by plaintiff was accepted in lieu of the demand. Of the two telephone conversations on the morning of July 3 between plaintiff and defendant's customer's man, the first was merely a statement that plaintiff had only $3,000 available and that defendant would send for it. There was no request that this sum should suffice to stay any action by defendant, or any statement that it would. The second conversation dealt only with the order to sell. There was no statement by anyone that the sale would bring the account within acceptable margin limits, or any discussion on that subject whatsoever. Under such circumstances, the conclusion drawn by Trial Term that the acceptance of the $3,000 or the sale, or both, constituted a waiver requiring a further demand has no support in the evidence.

Furthermore, plaintiff failed to prove any damage as a result of this purchase. The rule of damage for the unauthorized covering of a short sale was correctly stated by the court as the difference between the price at which the stock was bought in and its lowest market price within a reasonable time thereafter (*Barber* v. *Ellingwood,* 144 App. Div. 512). The court, however, found 30 days to be a reasonable period and took the average of the high and low bids for this period as the standard of calculating plaintiff's loss. For two reasons this is erroneous. It is not an average price which governs but the lowest market price. The theory is that where the broker wrongfully buys the customer in, the latter's damage is the difference between what the purchase cost him and the price at which he could have covered the transaction had it been left open. Secondly, 30 days was not a reasonable period. The measure of reasonableness depends on the immediate situation presented. While the rule is the converse of the situation where the broker sells out a customer with a long position, the situation especially with regard to the urgency of the transaction is quite different in degree. The lender of the stock can at any time demand the return of the stock and thereby force a short seller to buy in or procure another loan. Here a situation had developed that made such a possibility increasingly dangerous — so much so that the Exchange, as seen, had ruled upon it. The stock was rising rapidly, and in large amounts. It was evident that borrowers of the stock were in a very precarious position and that delay could cause large losses. Under such circumstances, a far shorter period is indicated. As the stock continued to mount for the balance of the trading day and the day following, there was no showing that plaintiff, if left to his own judgment, could have covered the stock at a more advantageous figure.

The judgment should be reversed on the facts and the law and judgment directed for defendant, with costs.

RABIN, J. P., McNALLY, STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; EAGER, J., would affirm and therefore dissents insofar as the court would vacate judgment entered and direct judgment for defendant.

Judgment reversed upon the law and upon the facts, with costs to defendant-appellant-respondent.