(22 Misc. Rep. 536.)

MORIARTY v. PORTER et al.

(City Court of New York, General Term.    February 7, 1898.)

LESSORS OF BICYCLE—LIABILITY FOR INJURIES TO LESSEE.
    In an action for personal injuries, caused by the sudden collapse, while n ordinary use, of a bicycle leased by defendants to plaintiff, the complaint alleged defects in construction, and that the machine was not strong enough for ordinary use.    Such allegations were not denied.    *Held*, that plaintiff was entitled to recover, though he alleged a warranty, but offered no evidence thereof, and the allegations of warranty were denied.

Appeal from trial term.

Action by Daniel H. Moriarty against Luther H. Porter and another.    From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal.    Affirmed.

Argued before O'DWYER and McCARTHY, JJ.

William A. Belcher, for appellants.

W. E. Harby (H. H. Kellogg, of counsel), for respondent.

O'DWYER, J.    This action is brought to recover damages for injuries sustained by reason of the sudden collapse, while in ordinary use, of a bicycle leased by the defendants to the plaintiff.    The complaint, after setting forth the terms of the lease, and compliance therewith on the part of the plaintiff, the collapse of the machine while in ordinary use, and the injury resulting therefrom, further alleged a warranty on the part of the defendants with respect to the quality of the bicycle, and the allegations of warranty were denied in the answer.    The sixth paragraph of the complaint, among other things, alleged that the bicycle "was not perfect in material and manufacture, that its frame was not of the best tubing, that its joints were not perfectly brazed and fitted; but that, on the contrary, the frame of the said machine was made of cheap, weak, and faulty tubing, that the joints were wholly without re-enforcement, and that the machine was not strong enough to bear the ordinary use for which such machine is intended, but was a very dangerous machine to ride."    The answer contains no denial of these allegations, and on the trial no proof was offered with respect thereto, and upon this appeal the record must be held to show that these allegations are admitted.    From the evidence it appears that on the 31st day of May, 1895, the plaintiff leased a bicycle from the defendants for the term of nine months next thereafter, and that on the 28th day of September, 1895, the bicycle, while it was being put to ordinary use by the plaintiff, suddenly collapsed, and the plaintiff received the injuries complained of by reason thereof.    At the close of the case of plaintiff a motion was made by the defendants to dismiss the complaint because of the lack of proof

of a warranty, and to a denial of this motion the defendants excepted. Upon this appeal the defendants' counsel relies upon the alleged error, as well as the fact that when the case went to the jury no evidence in support of a warranty had been offered by the plaintiff, while, on the contrary, the defendants had introduced evidence denying any warranty on their part. The court charged the jury:

"If you find in this case that the injuries caused to the plaintiff were caused by reason of faulty material or faulty construction of the bicycle in question, plaintiff will be entitled to a verdict."

It will thus be seen that the learned trial justice sent the case to the jury upon the question of the defendants' liability as lessors of the machine. That responsibility was theirs, not because they warranted the machine, but that they failed in their duty as lessors to furnish to the lessee a bicycle that was a safe machine for the purpose for which it was hired. Glenn v. Winters, 17 Misc. Rep. 599, 40 N. Y. Supp. 659. The defendants cannot avoid their responsibility by attempting to throw it on the makers of the bicycle. It avails them nothing to show that they were merely agents, since they allege that they were the lessors of the bicycle by virtue of a lease, which they set out in full. Bank v. Ward, 100 U. S. 195; Losee v. Clute, 51 N. Y. 494; Curtin v. Somerset, 140 Pa. St. 70, 21 Atl. 244. The contract or lease was made with the defendants alone. They cannot go back of the lease, and fasten the responsibility to this plaintiff on the manufacturer. One of the primary duties of the lessor of a thing is that he must deliver it to the lessee in a condition so that the lessee can enjoy its fruits, that it can be safely put to the use for which it was intended; and the lessor is liable for any damage resulting within the time for which the thing was hired, if the damage is owing to defects of the article leased. It is true that the plaintiff alleged a warranty, and offered no proof in support thereof, but in this we find no error. He had a right to rest solely upon the cause of action as otherwise stated in the complaint. By not denying the allegations contained in the sixth paragraph of the complaint, the defendants admit it to be true. Code Civ. Proc. §§ 500, 522. Their responsibility is fixed, and proof in support of the allegation of warranty becomes unnecessary and immaterial. Spring v. Bowne (Sup.) 35 N. Y. Supp. 46.

The judgment and order appealed from should be affirmed, with costs.