Fuld, J.
 

 The plaintiff Q-eneral Aniline
 
 &
 
 Film Corporation, a self-insured employer, paid workmen’s compensation benefits to an employee who was injured while operating a punch press. Asserting that the machine contained a defective exhaust valve, sold to it by the defendant Neal and manufactured by the defendant Schrader, and that that defective part caused the machine to malfunction, the plaintiff instituted this action for damages against both the manufacturer and the seller of the valve. The first cause of action, in which the plaintiff sues as subrogee under section 29 of the Workmen’s Compensation Law, is against the manufacturer Schrader and is grounded in negligence. The second count, and it is this one with which we are concerned, is against the seller Neal for breach of implied warranties of merchantability and fitness and seeks as damages the amount of compensation benefits paid the employee. The defendant Neal moved, under rule 106 of the Rules of Civil Practice, to dismiss the complaint against it and, the courts below having denied that motion, we are called upon to decide whether the plaintiff’s right of recoupment is limited to an action in negligence under section 29 of the Workmen’s Compensation Law, as subrogee of its employee, or whether it may proceed in its own right against the supplier of the defective machine part for breach of warranty.
 

 
 *369
 
 The Sales Act (Personal Property Law, § 150, snbd. 6) expressly recites that the measure of damages for breach of warranty is “ the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty ”, and it is indisputable that payment of compensation, required by law, is a direct and natural loss resulting from the seller’s breach. Where, for instance, a plaintiff has been compelled to pay an injured person, whether employee or third party, common-law damages caused by defective equipment manufactured or supplied by the defendant, the courts have consistently upheld his action against the latter based on breach of warranty. (See, e.g.,
 
 Wanamaker
 
 v.
 
 Otis Elevator Co.,
 
 228 N. Y. 192;
 
 Boston Woven Hose & Rubber Co.
 
 v.
 
 Kendall,
 
 178 Mass. 232;
 
 London Guar. & Acc. Co.
 
 v.
 
 Strait Scale Co.,
 
 322 Mo. 502.) There is little, if any, difference between such a case and one in which the plaintiff has paid compensation, and several courts have held that an employer was entitled to recover the amount of such compensation where it appeared that the employee was hurt while working on a defective machine supplied by the defendant. (See
 
 Dayton Power & Light Co.
 
 v.
 
 Westinghouse Elec. & Mfg. Co.,
 
 287 F. 439;
 
 Midvale Coal Co.
 
 v.
 
 Cardox Corp.,
 
 152 Ohio St. 437.) “A payment of compensation absolutely required by law,” it has been said, “ can scarcely be other than a proximate and direct loss. Indeed, it is difficult to conceive how a liability could be more proximate, more direct and more immediate than one so created.”
 
 (Dayton Power & Light Co.
 
 v.
 
 Westinghouse Elec. & Mfg. Co.,
 
 287 F. 439, 441,
 
 supra.)
 

 Since, then, the employer, prior to the enactment of the Workmen’s Compensation Law, could proceed against the supplier of a defective machine for breach of warranty, it follows, unless section 29 extinguishes such a cause of action, that the plaintiff is privileged, in its own right, to maintain the present suit against the defendant Neal.
 

 Section 29 does no more than regulate the cause of action which the employee may have stemming from ‘ ‘ the negligence or wrong of another not in the same employ ”. The Workmen’s Compensation Law governs the relationship between employee and employer — not the relationship between employee or employer and others — by extinguishing the employee’s right of action against his employer. “It leaves untouched ”, this
 
 *370
 
 court noted many years ago, “ the duties and liabilities of [third-party] wrongdoers * * * and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance.”
 
 (Matter of Zirpola
 
 v.
 
 T. & E. Casselman, Inc,;
 
 237 N. Y. 367, 373.) In short, the Workmen’s Compensation Law, by section 29, gave to the employer a right, which he never before had, to sue a person who had negligently or wrongfully caused injury to his employee but it did not, and was not designed to, destroy or put an end to a right which the employer had long possessed.
 

 The Legislature could, of course, have provided for the extingushment of such a right but there is nothing in section 29 or any other section of the Workmen’s Compensation Law which either expressly or impliedly suggests that the employer was no longer to have a cause of action against a third person for breach of warranty. A different result has been reached in New Jersey (see
 
 United States Cas. Co.
 
 v.
 
 Hercules Powder Co.,
 
 4 N. J, 157; see, also, 2 Larson, Workmen’s Compensation Law, § 77.20, p. 247) but, as may be gathered from the opinion of the court in that case (4 N. J., at p. 166), this conclusion was dictated in part by the fact that New Jersey’s statute expressly' provided that the employer’s “ right of action shall be
 
 only
 
 for such right of action that the injured employee or his dependents would have had against the third person” (N. J. B,. S. 34:15-40, subd. [f]). Such exclusionary language is not to be found in our statute and, accordingly, there is no reason to speculate what we would do if confronted with such a provision. It is enough to say that, as section 29 of the New York act reads, there' is no basis for implying that the legislative regulation of the employee’s right of action against the tort-feasor served to wipe out the employer’s completely independent cause of action for breach of warranty.
 

 The plaintiff is seeking recovery against the manufacturer on the ground that the latter was negligent. If unable to establish such negligence, the plaintiff may recover only against defendant Neal for breach of warranty. However, it is possible that a jury may find both negligence by Schrader and breach of contract by Neal and, in that event, there would be a verdict against both in plaintiff’s favor. But that does not mean, as the defendant intimates, that there would be a “ double recovery”, for,
 
 *371
 
 as the Appellate Division remarked, “ judicial policy will forestall such a result (See, e.g.,
 
 Derby
 
 v.
 
 Prewitt,
 
 12 N Y 2d 100, 107.)
 

 The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.
 

 Chief Judge Desmond and Judges Dye, Van Voorhis and Foster concur with Judge Fuld; Judges Burke and Scileppi dissent and vote to reverse.
 

 Order affirmed, etc.