Albert Vander Veer, II, Respondent, *v.* Thomas I. Tyrrell et al., Respondents, and Albany Country Club, Appellant.

Third Department, February 21, 1968.

*Carter & Conboy* (*James S. Carter* of counsel), for appellant.

*Cooper, Erving & Savage* (*Harry Christenson* of counsel), for Albert Vander Veer, II, respondent.

*Hesson, Ford & Grogan* (*Thomas A. Ford* of counsel), for Victor Comptometer Corp., respondent.

*Donohue, Bohl, Clayton & Komar* (*Myron Komar* of counsel), for Thomas I. Tyrrell, respondent.

*Ainsworth, Sullivan, Tracy & Knauf* (*James E. McHenry* of counsel), for Willig & Brown, Inc., respondent.

REYNOLDS, J. This is an appeal from that portion of an order of the Supreme Court, Albany County, granting the motions of defendants Thomas I. Tyrrell (Tyrrell), Willig & Brown, Inc. (Willig & Brown), Robert K. Mix (Mix) and Victor Comptometer Corp. (Victor) to dismiss the appellant's cross claims contained in its amended answer on the ground that they fail to state facts sufficient to constitute a cause of action over against them.

On October 3, 1964 Tyrrell rented an electric golf cart from Mix, the golf professional for the appellant, for use on the club course. The cart involved had been manufactured by Victor, sold to Willig & Brown and leased in turn to appellant and Mix. While operating the cart on a path near the clubhouse, Tyrrell collided with the plaintiff, one Albert Vander Veer and the instant lawsuit ensued. In a previous case involving this same litigation we affirmed an order dismissing Tyrrell's cross claims against his codefendants on the basis that Tyrrell could be found liable to Vander Veer only if he himself were actively negligent and that therefore any recovery-over was precluded (27 A D 2d 958). The instant case, however, cannot be so easily disposed of.

In determining the sufficiency of a cross claimant's action it must be first noted that CPLR 3019 (subd. [b]) contains none of the restrictions as to subject matter present in its predecessor

under the Civil Practice Act (cf. Civ. Prac. Act, § 264). As Weinstein states: "Even when the cross-claim is of the type recognized by prior law, the sufficiency of the cross-claimant's action should not be determined exclusively by reference to the allegations in the original plaintiff's complaint as was frequently done under section 264 of the Civil Practice Act. If there is any possibility that the trial of the main action will establish that an action over exists, the cross-claim should not be dismissed." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.22.) Accordingly, it is proper to allege therein a cause of action the existence of which depends on the outcome of the main action, and an indemnity cross claim is available even against a contention that it is premature (*50 New Walden* v. *Federal Ins. Co.*, 22 A D 2d 4; 5 Carmody-Wait 2d, New York Practice, § 30:78, p. 683). Not only is there a reluctance, therefore, to dismiss third-party complaints at the pleading stage (see *Sheridan* v. *City of New York,* 27 A D 2d 833; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1010.02), but an even greater reticence in dismissing a cross complaint since the dismissal of a cross complaint would necessarily be without prejudice and hence require another action to determine liability over when all the parties have already appeared together and presumably all the relevant issues have been presented and aired.

The cross complaint, of course, must state a cause of action, and it is equally clear that if the original complaint could only be construed as charging the cross claimant with active negligence, the cross complaint must be dismissed (e.g., *Bush Term. Bldgs.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426). However, it is conversely true that if a complaint can be read to disclose any theory upon which the cross claimant would be entitled to indemnity it should be upheld (*Johnson* v. *Endicott Johnson Corp.*, 278 App. Div. 626; see 5 Carmody-Wait 2d, New York Practice, § 30.81, p. 687).

Before examining the cross claims here involved, we must first briefly examine the original complaint to place our discussion in the proper perspective. Vander Veer's original complaint can only be described as an attempt to touch all bases with respect to each defendant. For example there are six specific acts of negligence alleged against the appellant alone. In summary these involve improper construction and maintenance of the pathway upon which the accident occurred and failure to warn persons walking in the pathway of the danger of cart traffic. Then against both appellant and Mix there are eight separate allegations including placing the plaintiff in a position of danger without warning, failure to keep the cart

involved in proper repair, repairing the cart in a defective and improper manner, failing to properly equip the cart with braking, steering and speed controls and necessary warning and safety devices, failing to properly inspect the cart, failing to warn Tyrrell of inherent dangers and defects in the cart and allowing Tyrrell use of a dangerous and defective cart. Willig & Brown receive only five specific charges which include failure to make proper repairs of the cart, improper repair, failure to properly equip the cart with braking, steering and speed control devices and failing to warn Tyrrell of the dangerous propensity and dangerous and defective condition of the cart. Tyrrell himself is charged with nine specific acts of negligence. These include failure to warn Vander Veer of danger, operating the cart while it was in an improper state of repair and without proper safety, warning, braking, steering and speed control devices, failure to inspect, and negligence in various ways in his operation of the cart. Finally there are five specific charges leveled at Victor including negligent manufacture and construction, failure to provide the proper equipment previously asserted against the other defendants, and failure to properly inspect. From the foregoing not only is the comprehensiveness of the allegations readily evident but it is also notable that the charges of negligence are in no way mutually exclusive as to each defendant.

An examination of appellant's six cross claims reveals that they assert causes of action founded upon the active-passive negligence dichotomy and/or breach of contract and/or breach of warranty. Special Term in granting the motions to dismiss found that liability over could not be premised upon an alleged breach of contract of warranty (cross claims second and fourth) because there was not an unequivocal contract of indemnity and that the cross claims based on indemnification (all except cross claim 5) could not be asserted because the prime complaint charged the appellant only with active negligence and could not be construed to assert liability for passive negligence. As to the fifth cross claim, for breach of contract in failing to procure comprehensive general liability insurance in the amount agreed upon, it was held that the submissions by Willig & Brown on the motion proved compliance as a matter of law.

It seems clear that there is no basis to support an allegation premised on an express contractual agreement for indemnification. Additionally, the breach of warranty theory charged against Victor and Willig & Brown in the second cross claim would be applicable only if appellant were passively negligent, as opposed to actively negligent, under the rationale expressed

in our prior opinion (27 A D 2d 958, 959). Therefore, in all of the cross claims, excluding the fifth, there is raised the crucial question of the active-passive negligence dichotomy.

It is clear that there are allegations of active negligence against the appellant contained in Vander Veer's complaint, and there is no doubt that if the jury finds, as charged, that the paths were negligently maintained and constructed by the appellant and that this was a proximate cause of the injury, the appellant was actively negligent (see *Bernardo* v. *Fordham Hoisting Equip. Co.*, 6 A D 2d 619, affd. 6 N Y 2d 733; *Coffey* v. *Flower City Carting & Excavating Co.*, 2 A D 2d 191, affd. 2 N Y 2d 898; *Gingeresky* v. *Gifford-Wood Co.*, 14 A D 2d 623). It is well settled in this State that acts of omission as well as commission may constitute active negligence (*Colon* v. *Board of Educ. of City of N. Y.*, 11 N Y 2d 446; *McFall* v. *Compagnie Maritime Belge*, 304 N. Y. 314), and that a failure to inspect may constitute active negligence when there is an affirmative duty to do so (see 28 N. Y. Jur., Indemnity, § 16, pp. 44–47). However, when the entire complaint is examined and when in particular the many negligent acts or failures to act, which as noted are not mutually exclusive, charged against each defendant are considered, it is readily evident that there is very definite possibility that appellant might well be liable only passively.

In analyzing the first cross claim against Victor and Willig & Brown, it is clearly possible that if Vander Veer recovers on the grounds relating to the manufacture, inspection and failure to equip such recovery will be solely because of the active and primary negligence of these two respondents pursuant to their obligations under the leasing agreement or because they were manufacturer and owner-lessor respectively and without any active negligence on the part of the appellant.

The second cross claim which is predicated on an alleged breach of warranty running from Willig & Brown and Victor to appellant proves slightly more troublesome but still must be sustained. The cross claim alleges that Victor as manufacturer and Willig & Brown as lessor breached a warranty that the cart was properly manufactured, reasonably fit for the purpose intended, and free from defect. Where possession of a chattel is transferred in exchange for a rental and the parties contemplate the return of the chattel to the owner, a warranty will be implied that the chattel is reasonably fit for the purpose for which it is leased or hired (*Matter of Casualty Co.* [*Bliss Co. Claim*], 250 N. Y. 410; *Hoisting Engine Sales Co.* v. *Hart*, 237 N. Y. 30; *Moriarty* v. *Porter*, 22 Misc. 536; 5 N. Y. Jur.,

Bailment, § 72; Farnsworth, "Implied Warranties of Quality in Non-Sales Cases", 57 Col. L. Rev. 653), and the requested damages of any recovery against appellant resulting from such breach is proper (see *General Aniline & Film Corp.* v. *Schrader & Son,* 12 N Y 2d 366). Nor is there any reason why such a claim cannot be asserted prior to a recovery against appellant and, in fact, CPLR 3019 (subd. [b]) encourages such practice. We find no merit in the contention that any such warranty would not run to appellant from both Willig & Brown and Victor (*Goldberg* v. *Kollsman Instrument Corp.,* 12 N Y 2d 432), or that the cross claim must fail because the primary complaint contains no cause of action based upon warranty since if there were a latent defect caused by the manufacture of this cart and if the appellant were found to be the lessor of the cart to Tyrrell or the cart were unfit for the purpose intended and if the appellant only had constructive notice of such defect, then its neglect would be passive (see *Sobel* v. *City of New York,* 9 A D 2d 271; *Employers' Liab. Assur. Corp.* v. *Empire City Iron Works,* 7 A D 2d 1012; cf. *Melino* v. *Tougher Heating & Plumbing Co.,* 23 A D 2d 616). The resolution of the conflicting positions as to what occurred and the relationship between the litigants are, of course, crucial to this issue and cannot be resolved on the instant pleading.

Similarly, the theory of cross claims third and fourth against Willig & Brown and Mix that they had the primary duty to repair and maintain pursuant to the leasing agreement and Mix' employment contract and if it was improperly done or not done, any negligence on the part of the appellant was merely passive is well sustainable. As the pleadings stand, the nature of the responsibilities and degrees of wrongdoing among these three parties cannot be determined and they should be allowed to develop the facts on the trial (see *Klein* v. *Bukowski,* 12 A D 2d 872; *Crawford* v. *Blitman Constr. Co.,* 1 A D 2d 398). To determine what the duties and relationships of these various parties were to Vander Veer and to each other requires construction of both contracts, a determination of the status of Mix with the appellant, and the appellant's status in the leasing of carts to members. There are also issues of whether the cart was defective, improperly repaired, not repaired at all or improperly equipped. The more one reflects on these unresolved issues the more different theories of possible liability over can be brought to mind. For instance, if it is established upon trial that Mix was an independent contractor when acting in the capacity of lessor of golf carts, which appears possible, then the appellant might be able to seek indemnification if, as alleged

in the complaint, Mix caused a dangerous condition to exist on the appellant's property which injured plaintiff and the appellant took no active part in creating this condition (see *Swanson* v. *97 Fifth Ave. Corp.*, 141 N. Y. S. 2d 125, affd. 286 App. Div. 994, mot. for lv. to app. den. 1 A D 2d 663). Therefore, in view of the questions of substantive law raised and the substantial factual questions presented, these cross claims should not have been dismissed.

Finally, if the injury is found to be caused by the negligence of Tyrrell *alone* in the operation of the cart, as the cross claim sixth alleges, the appellant could still be liable as lessor or owner for allowing a dangerous instrumentality on the premises but such liability would be passive only.

Accordingly, each cross claim, excluding number 5 with respect to which we find no reason to disturb Special Term's dismissal, should not have been dismissed. In reversing Special Term, however, we do so without prejudice to Vander Veer's renewal of his motion for severance which we observe was denied solely because of the dismissal of the cross claims and not on the merits.

The order should be modified, on the law and the facts, so as to deny the motion to dismiss cross claims first, second, third, fourth and sixth, and as so modified, affirmed, without costs, and without prejudice to renewal by respondent Vander Veer of his motion for severance.

GIBSON, P. J., HERLIHY, AULISI and GABRIELLI, JJ., concur.

Order modified, on the law and the facts, so as to deny the motion to dismiss cross claims first, second, third, fourth and sixth, and, as so modified, affirmed, without costs, and without prejudice to renewal by respondent Vander Veer of his motion for severance.