James **GAMBINO**, Plaintiff,

v.

**UNITED FRUIT COMPANY**, Defendant and Third-Party Plaintiff,

v.

**H. J. HEINZ COMPANY**, Third-Party Defendant.

No. 67–Civ. 416.

United States District Court
S. D. New York.

March 7, 1969.

Thomas H. Walker, New York City, for defendant and third party plaintiff United Fruit Co.

Breed, Abbott & Morgan, New York City, for third party defendant H. J. Heinz Co.

Abraham E. Freedman, New York City, attorney of record, for plaintiff.

## MEMORANDUM

CROAKE, District Judge.

This is a typical seaman's action for damages for personal injuries and for maintenance and cure. The complaint alleges both negligence and unseaworthiness without specifying the particulars of either. The defendant ship owner has impleaded the company which sold it a bottle of ketchup, alleging that the

seaman is suing for damages resulting from the bottle breaking when he tried to open it. The third-party defendant moves to dismiss the third-party complaint under Rule 12(b) (6) for failure to state a claim upon whch relief can be granted.

The question raised is whether the impleader was proper under Rule 14(a) of the Federal Rules of Civil Procedure which apply to both actions at law and suits in admiralty.

> "At any time after commencement of the action a defending party, a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * * "

It makes no difference under Rule 14 that the original or third-party complaint is within admiralty jurisdiction or not. 7A Moore's Federal Practice, ¶ .54 [3], at 399 (2d ed. 1953). The sole test (except when subsection (c) is applicable) is whether the third-party defendant may be liable to the third-party plaintiff for all or part of the plaintiff's claim.

The third-party defendant rests its argument for dismissal on the assumption that the complaint sounds only in negligence. Even if not artfully drawn, the complaint mentions unseaworthiness. It is not necessary to discuss the arguments in support of the motion except to note that this court is not disposed to dismiss a third-party complaint simply because the original complaint does not specify the nature of the negligence alleged when all parties are aware of the basis of the claim. Once the notice function of pleading has been accomplished, motions going only to the form of pleading are more likely to cost clients money and courts time than to serve anyone's interests. See also Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 568–569, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958).

The third-party complaint is based on a seller's warranty of fitness, N.Y.U.C.C. § 2–315 (McKinney 1964).* Such a warranty imposes an obligation to indemnify the warrantee for losses, including compensation awards and judgments, resulting from a breach of the warranty. General Aniline & Film Corp. v. A. Schrader & Son, 12 N.Y.2d 366, 239 N.Y.S.2d 868, 190 N.E.2d 232 (1963); Vander Veer v. Tyrrell, 29 A.D.2d 255, 287 N.Y.S.2d 228, 232–233 (3d Dep't 1968). The requirements of Rule 14(a) are therefore satisfied and the motion to dismiss is denied.

So ordered.

---

* This decision is not intended to resolve any conflict of laws problem if one exists.