Schwartzwald, J.
Plaintiff "brings this action for breach of a contract of bailment and in negligence predicated upon the disappearance of her automobile from a parking lot operated by defendant at the John F. Kennedy International Airport under an agreement with the Port of New York Authority. Defendant’s answer is, in essence, a general denial.
The case was submitted to the court below on stipulated facts, including the amount of recovery if plaintiff prevailed in the action. On September 1, 1966, plaintiff parked her Cadillac car at defendant’s lot. Plaintiff entered the lot by means of an entrance gate where she obtained a ticket stamped with the date and time of entry from an automatic vending machine. Upon her taking the ticket, a gate opened and permitted her automobile to enter the lot. No employee of defendant was present at the entrance gate, and no record was made of the license number or description of the vehicle. "Plaintiff selected her own parking space, locked the car and took the keys with her. Upon returning to the lot on September 5, 1966, she discovered that her automobile was missing. She duly notified the police and defendant. Neither party had any knowledge concerning the circumstances of its disappearance.
It was further stipulated that the parking lot was enclosed by a fence and accommodated 1,300 vehicles. Access and egress by car were restricted to unattended entrance gates and attended exit gates. Under ordinary circumstances, the only contact that a patron would have with an employee of defendant would be upon exiting from the parking lot, at which time the patron would present to a cashier the ticket received upon entry to the lot. The cashier would then compute the amount due and receive payment. Upon failure to present a ticket, proof of ownership of the vehicle would be required by the cashier. In addition, defendant employed certain lot cleaners, supervisors and others ‘1 to maintain the lot. ’ ’ Defendant also employed ‘ ‘ lot checkers ’ ’ whose duty it was to make a. record of all cars left in the lot overnight. The sole purpose of such record was to determine whether the cashiers had been collecting the correct fees on cars remaining on the premises for an extended period of time. Port Authority police patrolled the parking lots at the airport in the same manner as they patrolled the airport in general. At each entrance gate and on the ticket dispensed from the *839 machine appeared the following language: 1 ‘ This contract licenses the holder to park 1 automobile in this area at holder’s risk * * * only a license is granted hereby and no bailment is created.”
Upon these facts, the trial court held that a relationship of bailment was created between the parties and that defendant failed to prove its freedom from negligence in respect to the care of the automobile. Judgment was awarded to plaintiff in the amount stipulated.
In our opinion, plaintiff failed to establish the existence of a relationship of bailor and bailee. There was no transfer of possession of the car by plaintiff to the care and custody of defendant. The stipulated facts merely indicated that plaintiff hired a place to put her car. As stated in Osborn v. Cline (263 N. Y. 434, 437): ‘ ‘ Whether a person simply hires a place to put his car or whether he has turned its possession over to the care and custody of another depends on the place, the conditions, and the nature of the transaction. ’ ’ Plaintiff clearly took the risk of parking her car in a place which she knew was unattended. She received her ticket fro n a machine, selected her own parking space and was to have no contact with an employee of the defendant until it was time to remove her car and pay a fee for parking. Dominion and control of the vehicle were not perfected in defendant. Plaintiff retained the key to the car at all times. In this latter connection, see Armstrong v. Sisti (242 N. Y. 440, 442, 443). Nor was control actually assumed by defendant by virtue of its stationing cashiers at the exits. The cashiers had no way of ascertaining whether a particular ticket had been issued for a particular ear. Whether or not defendant might have been able to exercise closer supervision is not pertinent to the issue of whether the transaction in fact created a bailment.
While defendant could not free itself of liability by virtue of what it had printed on the ticket received by plaintiff (General Obligations Law, § 5-325), the ticket per se furnishes no basis for a finding of bailment. It was not a receipt and contained no description of the vehicle for which it had been issued. Nor did it specify the location in the lot where the vehicle was to be kept.
The conclusion reached herein as to the nonexistence of a bailor-bailee relationship accords with that reached by the Appellate Term, First Department, in a very similar case involving an automobile parked in a lot at Kennedy International Airport (Greene Steel & Wire Co. v. Meyers Bros. Operations, 44 Misc 2d 646). While the vehicle in that case was not *840 missing and was only damaged, the plaintiff alleged a cause of action for breach of contract of bailment. The court there held that the defendant assumed no responsibility for the safekeeping of the vehicle. The same court has recently followed its earlier decision, and has in effect overruled conflicting decisions by lower courts in the same department (Security Mut. Ins. Co. of N. Y. v. Airport Parking Co. of Amer., 68 Misc 2d 628). We note a conflict of opinion on this general subject among the lower courts in this department (e.g., see Silberman v. Olympic Parking Serv., 60 Misc 2d 68; Liberty Ins. Co. v. Meyers Bros., 64 Misc 2d 648).
We are not unmindful of the holding of the Appellate Division, Second Department, in Dunham v. City of New York (264 App. Div. 732). The Appellate Division affirmed a determination of this court wherein we held under the facts there presented that the plaintiff established prima facie a bailor-bailee relationship and that the failure to return the parked car raised a presumption of negligence. In our opinion, the Dunham case is distinguishable in that the defendant there assumed a greater measure of supervision and control of its parking facilities than is shown in the case at bar.
We find no merit in plaintiff’s contention that defendant was guilty of negligence even in the event that there was no bailment. Absent such a relationship, the ordinary principles of negligence would be inapplicable. In any event, there was no proof of a negligent act or omission in the facts as stipulated.
The judgment should be reversed, without costs, and the complaint dismissed.
Groat, P. J., and Margett, J., concur in opinion by SohwartzWALD, J.
Judgment reversed, without costs, and complaint dismissed.