■ ATLANTIC TUG & EQUIPMENT COMPANY, INC., Appellant, v. S & L PAVING CORP. et al., Respondents.— Judgment insofar as appealed from unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum; Plaintiff appeals from the portion of a judgment which dismissed on the merits its action to foreclose a lien for the unpaid amount of the agreed rental of an earthboring machine. Plaintiff leased the machine to defendant S & L Paving Corporation for a period of the three months at a rental of $1,500 per month beginning October 24, 1968. The lease imposed no duty on the lessor to maintain the machine or to repair it and in the event it should become defective the only remedy given to the lessee was to return the machine to the lessor and terminate the lease. This the lessee failed to do. On December 3, 1968, when the machine was being operated by the lessee with the assistance of one of the lessor's employees it became inoperative because the clutch failed to function. After the lessor's workmen attempted, unsuccessfully to repair it the lessee removed the machine from the job and it was not again operated during the term of the lease. ¶ In dismissing plaintiff's complaint Trial Term found that the equipment was inoperable through no fault of defendant S & L Paving Corp. and that therefore

it was not liable for any rental subsequent to that date. ¶ Defendant S & L Paving Corp. attempts to sustain the trial court's finding on the ground that it was excused from payment of rent by plaintiff's breach of an implied warranty that the machine would be fit for the purpose for which it was to be used. Such a warranty will be implied in a case of rented property if the lessor has reason to know the use for which the machine is required and to know that the lessee is relying on lessor's skill and judgment to select or furnish a suitable machine. (*Vander Veer* v. *Tyrrell* 29 A D 2d 255, 259.) The warranty, breach of which was not pleaded as a defense, should not be implied on this record because a finding that the lessee relied on the lessor's skill or judgment to select or furnish a suitable machine would be against the weight of the evidence. ¶ Although not raised in the pleadings or upon the trial it now appears by affidavits of the attorneys for the respective parties that plaintiff may have failed to file a *lis pendens* as required by section 17 of the Lien Law. Plaintiff should be afforded an opportunity to move to amend its complaint and defendant should also have an opportunity to move to amend its answer, to plead such affirmative defenses as it may be advised such as breach of implied warranty and constructive eviction. (See 2 McAdam, Landlord and Tenant [5th ed.], pp. 1392, 1467, 1468; *Kirshenbaum* v. *General Outdoor Adv. Co.* 258 N. Y. 489, 496.) (Appeal from part of judgment of Onondaga Trial Term dismissing complaint in action to foreclose mechanic's lien.) Present — Goldman, P. J., Marsh, Gabrielli, Cardamone and Henry, JJ.