■ Louis Marie et al., Appellants, v European Health Spas, Inc., et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered October 5, 1979 in Schenectady County, which granted defendants' motion for summary judgment dismissing the second and third causes of action in plaintiffs' complaint and denied plaintiffs' motion to renew and reargue the motion. By the terms of a written membership agreement requiring the payment of $1,120.04 over a 36-month period, the plaintiff Micheline Marie became entitled to a lifetime

program of exercise using facilities provided by defendant European Health Spas, Inc. The agreement was dated September 28, 1973, and provided, among other things, that: "The rights and privileges of membership shall consist of a program of exercise using the SPA's facilities during the term hereof subject to such rules and regulations as may be posted on the SPA's premises from time to time. Such rules and regulations shall be subject to change without notice * * * Facilities, equipment, club locations, hours, services and regulations and policies are subject to change, without notice, at the sole discretion of SPA, and Member agrees to accept such change as a condition to receiving this membership". In addition, the contract also contained a general waiver of liability clause which was followed by another provision stating that "SPA makes no warranties and no representations, express or implied, other than those set forth herein, and as to those, Member's sole and exclusive remedy in the event of breach shall be cancellation of this Agreement. In no event shall SPA be liable for consequential damages". While at defendant's facility on February 7, 1975, plaintiff allegedly sustained severe wrist injuries when an exercise machine she was using malfunctioned. The within action containing three causes of action was commenced on January 17, 1979. The first, involving a cancellation feature of the agreement, is not before us on this appeal. The second seeks damages for personal injuries for breach of an implied warranty of fitness for a particular use and the third is her husband's derivative cause of action. Upon motion of defendants, the second and third causes of action were dismissed on the merits by Special Term. A motion to renew or reargue was thereafter denied. Although complex legal issues were presented, the decisions of the court were rendered without accompanying memoranda and its reasoning is unknown. Nevertheless, defendants' motion to dismiss reveals their basic contention to be that while the allegations of the second cause of action are grounded on the supposed breach of an implied warranty, in actuality they pose a claim sounding in tort to which a three-year Statute of Limitations applies. Consequently, it is maintained that the action is untimely because it was commenced more than three years after the date of injury. We agree that any claim sounding in tort, including one founded on a theory of strict products liability, would be barred by the three-year Statute of Limitations *(Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395; CPLR 214, subd 5). Moreover, the services and facilities provided by the terms of the contract, which were subject to change at defendants' sole discretion, are not of the character to which warranties would attach under the Uniform Commercial Code since there was no transfer of possession, abdication of control, or sale of any chattel (see Uniform Commercial Code, §§ 2-313, 2-314, 2-315; *Osborn v Kelley,* 61 AD2d 367; *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.,* 43 AD2d 234, affd 34 NY2d 939). As a result, the code's four-year period of limitations is of no benefit to plaintiffs (cf. Uniform Commercial Code, § 2-725). Therefore, plaintiffs' second and third causes of action can only stand if they are founded upon some obligation imposed by contract. In support of this theory, plaintiffs argue that the nature of the relationship between the parties was one of a hybrid service—lease/license. Although they regard it as the sale of a service to which an implied warranty that the facility providing the service was fit for the intended use attached, the analogy, in substance, would be closer to that of a bailment or a lease (see *Atlantic Tug & Equip. Co. v*

*S & L Paving Corp.*, 40 AD2d 589; *Vander Veer v Tyrrell*, 29 AD2d 255). However, such is not the case before us, since both a bailment and a lease require either a transfer of possession or an abdication of control, and neither is present (cf. *Ellish v Airport Parking Co. of Amer.*, 69 Misc 2d 837, affd 42 AD2d 174, affd 34 NY2d 882). Furthermore, if plaintiffs are seeking recovery for personal injuries caused by a negligent performance of duties under the contract, then the three-year Statute of Limitations would plainly apply for the "essence" of such a theory of liability is negligence rather than contract *(Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389; cf. *Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 675). Accordingly, for the reasons stated, the order should be affirmed. Order affirmed, without costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.