OPINION OF THE COURT
Stanley S. Ostrau, J.
Defendant Amoco Oil Company moves, pursuant to CPLR 3211 (subd [a], pars 1, 7), for an order dismissing the fifth, seventh and tenth causes of action.
This lawsuit involves various disputes between plaintiff, Laudisio, the lessee of two gas stations, one in Farming-dale and the other in Bay Shore on Long Island and defendant Amoco Oil Company, their designated supplier of gasoline and equipment under a series of interrelated contracts. The fifth cause of action claims that the defendant misrepresented to plaintiff that it would provide gasoline storage tanks for the Farmingdale station and that they would be in good condition and fit for use as a gasoline storage tank, when, in fact, it knew or should have known that the tanks so provided were defective permitting gasoline to flow and seep into the ground allegedly causing plaintiff damage in the sum of $5,000 for lost gasoline allegedly due to the negligence and carelessness of defendant.
*246 The seventh cause of action alleges defendant failed and neglected to provide the Bay Shore station with proper gasoline pumps, in that the pumps provided to plaintiff allegedly malfunctioned so as to under reflect the actual sale of gasoline by $20,000.
The tenth cause of action parallels the fifth reciting similar allegations of misrepresentation, breach of warranty and negligence with respect to the gasoline pumps for the Bay Shore station.
Defendant contends that under paragraphs 5 and 6 of the equipment loan agreements, plaintiff is barred from recovery for his alleged losses, and that since the contracts are part and parcel of the complaint, the fifth, seventh and tenth causes of action are subject to dismissal. Plaintiff claims that the agreements were entered into under duress and that the provisions were nonnegotiable, making this a contract of adhesion and that under such circumstances void as a matter of public policy. These allegations of duress, unconscionability and lack of good faith representing the public policy argument are set forth in plaintiff’s affidavit in opposition. The complaint itself does not embody any of these critical allegations, except so far as it recites the afore-mentioned claims of misrepresentation in the fifth and tenth causes of action.
The provisions of the equipment loan agreements sought to be invoked by defendant state the following:
“5. Amoco, its agents or employees, shall not be liable for any loss, damage, injury (including death), or other casualty of whatsoever kind or by whomever caused, to the person or property of anyone (including customer), on or off the premises, arising out of or resulting from the installation, existence, use, maintenance condition, repair, replacement, alteration, or removal of said equipment, whether due, in whole or in part, to negligent acts or omissions of Amoco, its agents or employees; and customer for himself, his heirs, executors, administrators, successors and assigns, hereby agrees to indemnify and hold Amoco, its agents and employees harmless from and against all claims for such loss, damage, injury or other casualty.
“6. Other than as set forth herein, no representations have been made, and no warranties have been given to *247 customer by Amoco, its agents or employees, concerning such equipment and none shall be implied from this transaction.”
Defendant Amoco reads the three disputed causes of action as alleging in essence claims of negligence which are barred by the provisions cited above. The seventh cause of action is clearly a negligence claim. The fifth and tenth causes of action, however, are inartistically drafted, mingling the elements of more than one cause of action. As already indicated the fifth and tenth causes of action bear elements of negligence, breach of warranty and misrepresentation, and as such are improperly pleaded. (See CPLR 3014.) Whether leave to replead any or all of these claims may be afforded plaintiff will depend upon whether a waiver of such claim is offensive to public policy.
The law looks askance upon contracts intended to exculpate a party from the consequences of his own negligence. With certain exceptions, these contracts are, however, enforceable. Such agreements are subject to close judicial scrutiny. (Gross v Sweet, 49 NY2d 102; Van Dyke Prods. v Eastman Kodak Co., 12 NY2d 301, 304; 4 Williston, Contracts [3d ed], § 602A, pp 326-332.) Thus, “unless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from liability for its own negligent acts” (Gross v Sweet, supra, at p 107; Van Dyke Prods. v Eastman Kodak Co., 12 NY2d 301, 304, supra; Ciofalo v Vic Tanney Gyms, 10 NY2d 294, 297; Boll v Sharp & Dohme, 281 App Div 568, 570-571, affd 307 NY 646). It must therefore, appear plainly and precisely that the “limitation of liability extends to negligence or other fault of the party attempting to shed his ordinary responsibility” (Howard v Handler Bros. & Winell, 279 App Div 72, 76, affd 303 NY 990).
Here, the exculpatory provision, paragraph 5 of the equipment loan agreement, clearly purports to absolve Amoco from responsibility for “its negligent acts or omissions”. The provision explicitly recites that claims for ordinary negligence are prohibited and as such the court must give effect to this disclaimer. (Ciofalo v Vic Tanney Gyms, supra; Theroux v Kedensburg Racing Assn., 50 Misc *248 2d 97, 99, affd 28 AD2d 960.) Conseqently, to the extent plaintiff seeks relief in negligence, he is foreclosed, because the contractual provision of the parties precludes such action and by the standards set down by our appellate courts such an exculpatory clause is not void as a matter of public policy. Nor do the contractual provisions violate the strictures of the General Obligations Law with regard to disclaimers of liability in certain industries deáling with the public. (See General Obligations Law, §§ 5-321, 5-322, 5-323, 5-325, 5-326.)
So far as the defendant seeks to insulate itself by means of provisions of paragraphs 5 and 6 of the contract for claims based on fraud, misrepresentation and bad faith, the law will not permit such a covenant of immunity to stand. (Young Fehlhaber Pile Co. v State of New York, 265 App Div 61.) The court generally will scrutinize carefully all disclaimers of liability. The disclaimer herein refers to “all claims” and such broad banded language would not be read to preclude an action for misrepresentation that induces the contract in the first instance (cf. Gross v Sweet, 49 NY2d 102, supra; Kaufman v American Youth Hostels, 6 AD2d 223, mod 5 NY2d 1016).
Our courts have recognized as a matter of common law the existence of an implied warranty of fitness (Matter of Casualty Co. of Amer. [Bliss Co. Claim], 250 NY 410, 417), without reliance upon the Uniform Commercial Code (Vander Veer v Tyrrell, 29 AD2d 255, 259; Atlantic Tug & Equip. Co. v S & L Paving Corp., 40 AD2d 589, 590; cf. Farnsworth, Implied Warranties of Quality in Non-Sales Cases, 57 Col L Rev 653, 655-660; Murray, Under the Spreading Analogy of Article 2 of the Uniform Commercial Code, 39 Fordham L Rev 447, 453).
This particular transaction involves the sale of gasoline, a sale of goods under sections 2-102 and 2-105 of the Uniform Commercial Code. In fact, the purchase by plaintiff of the gasoline appears to be the consideration recited in the equipment loan agreements. Moreover, plaintiff is termed in such agreements “the customer”, not the lessee or the bailee. Under these circumstances, while the transfer of the equipment is not purely a sale, it must be regarded in the context of the whole transaction between *249 the parties. So viewed, fundamental public policy considerations embodied in the Uniform Commercial Code concepts of “good faith and unconscionability” should be applied by analogy to the entire transaction (Zapatha v Dairy Mart, _Mass_, 408 NE2d 1370).
Section 2-316 of the Uniform Commercial Code recognizes the validity of disclaimers of warranties in certain circumstances (Industralease Automated & Scientific Equip. Corp. v R.M.E. Enterprises, 58 AD2d 482). Thus, such disclaimers are not “per se” unconscionable, rather section 2-316 of the Uniform Commerical Code sets out in the first instance the general parameters for a legally acceptable disclaimer of the implied warranties of fitness and merchantability. A review of the loan agreement reveals that paragraph 6 dealing with warranties and representations fails to conform with the requirement of section 2-316 of the Uniform Commercial Code that such disclaimers be conspicuous. Subdivision (10) of section 1-201 of the Uniform Commercial Code defines conspicuous as follows: “A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals *** is conspicuous. Language in the body of a form is ‘conspicuous’ if it is in larger or other contrasting type or color.” Paragraph 6 is in the body of a form agreement and is indistinguishable from the remainder of the printing in the contract. This being so, it fails to provide adequate notice, and, therefore, does not operate as an enforceable disclaimer. (Mill Print. & Lithographing Corp. v Solid Waste Mgt. Systems, 65 AD2d 590; Nassau Suffolk White Trucks v Twin County Tr. Mix Corp., 62 AD2d 982.)
In addition, further evidence supporting the unconscionability of paragraph 6 may be found in the new allegations of duress, stemming from the plaintiff’s contract with Winner Petroleum Corp. requiring plaintiff to deal exclusively with Amoco and Amoco’s refusal to negotiate terms, as well as the alleged express representations by Amoco of fitness. Taken all together it would appear that an action for breach of warranty may lie, but that proper and complete pleadings have not been interposed by plaintiff.
*250 Accordingly, the motion to dismiss the fifth, seventh and tenth causes of action is granted with leave to replead as to the fifth and tenth causes only. Such amended complaint shall be served within 20 days after service of order to be settled herein with notice of entry thereof.