450 A.2d 49

**DISCOUNT DRUG CORPORATION, Appellant,**

v.

**HONEYWELL PROTECTION SERVICES, DIVISION OF HONEYWELL, INC.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1981.

Filed Aug. 27, 1982.

Mark D. Turetsky, Norristown, for appellant.

Brian Sullivan, Norristown, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This is an appeal from a summary judgment that dismissed Appellant's complaint against Appellee for breach of warranties and negligence. For the following reasons, we reverse and remand for trial.

Appellant leased premises in New York City from a New York corporation (lessor). In a separate agreement, Appellant paid lessor for the use of a burglary alarm system that had been previously installed by Appellee. Appellee was not a party to the aforesaid contract.

Later, Appellant requested the lessor to obtain additional security devices, for which Appellant agreed to pay additional money to the lessor. Pursuant to a contract with the lessor, Appellee installed new devices and integrated them into the general alarm system. Appellant alleges, first, that the new devices did not operate properly since their installation, and, second, that Appellee did not make any effort to correct the problem, despite Appellant's numerous calls.

Appellant's premises were burglarized a month after the installation of the new equipment, but the alarm remained silent, allegedly because the system was defective.

Appellant filed the complaint as a third-party beneficiary of the contract between Appellee and the lessor. After pretrial discovery, Appellee's motion for summary judgment

was granted. This is an appeal from the order of April 21, 1981, which granted Appellee's motion and dismissed Appellant's complaint.

Appellant raises two issues for our consideration. First, should a summary judgment have been based upon a limitation of liability clause in the contract for installation and service of a burglary alarm system? Second, can a limitation of liability clause bar a claim based on express and implied warranties when the clause neither mentions the warranty nor contains any language which purports to modify or limit any warranties? Because of our disposition of this case, we will discuss only the second issue.

Preliminarily, we note that both Appellant and Appellee, as well as the lower court, agree that New York law applies to the instant case. Since the choice of law is not an issue properly presented for our consideration, we cannot discuss this issue sua sponte.

We proceed, therefore, to consider the issue concerning the limitation of liability clause, which states:

14. Contractor does not represent or warrant that the system may not be circumvented or compromised, or that the system will in all cases provide the protection for which it is installed or intended. EXCEPT AS MAY BE PROVIDED ELSEWHERE IN THIS AGREEMENT, IT IS NOT THE INTENTION OF THE PARTIES THAT THE CONTRACTOR ASSUME RESPONSIBILITY FOR ANY LOSS DUE TO CONTRACTOR'S NEGLIGENT PERFORMANCE OR FAILURE TO PERFORM UNDER THIS AGREEMENT OR FOR ANY LOSS OR DAMAGE SUSTAINED THROUGH BURGLARY, THEFT, FIRE, OR ANY OTHER CAUSE. Because of the nature of the services to be performed, it is impractical and extremely difficult to fix the actual damages, if any, which may proximately result from the failure on the part of Contractor to perform any of its obligations under this agreement, or from the failure of the system to operate properly. Therefore, if notwithstanding the above provisions there shall at any time be or arise any liability on the part

of the Contractor by virtue of this agreement, whether due to the negligence of the Contractor or otherwise, such liability shall be limited to an amount equal to the aggregate of six (6) monthly payments or the sum of two hundred fifty dollars ($250.00) whichever is greater. This sum shall be paid and received as liquidated damages and not as a penalty. This liability shall be complete and exclusive. It is understood and agreed by the parties hereto that the Contractor is being paid for the installation and maintenance of the system only, and is not charging a sum sufficient to insure the premises or property of Subscriber or the property of others on Subscriber's premises. Insurance, if any, shall be obtained by the Subscriber. IN THE EVENT THAT SUBSCRIBER DESIRES CONTRACTOR TO ASSUME GREATER LIABILITY FOR THE PERFORMANCE OF ITS SERVICES UNDER THIS AGREEMENT, a choice is hereby given of obtaining full or limited liability by paying an additional amount under a graduated scale of rates proportioned to the amount of liability Contractor will assume. If this option is chosen, an additional rider shall be attached to this agreement setting forth the additional liability of Contractor and the additional charge.

The foregoing disclaimer neither mentions the term, "merchantability," nor employs phrases to indicate that the buyer takes the goods "with all faults" or "as is." Under section 2–316 of the Uniform Commercial Code of New York, an implied warranty of merchantability cannot be excluded unless the foregoing terms are utilized. Likewise, an implied warranty of fitness for a particular purpose cannot be excluded unless the contract employs language to indicate that no warranties exist beyond the face of the agreement. The relevant portions of section 2–316 state:

(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a

writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

(3) Notwithstanding subsection (2)

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and

(b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and

(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade.[1]

The courts have refused to recognize a disclaimer that fails to comply with the foregoing requirements. *See Laudisio v. Amoco Oil Co.,* 108 Misc.2d 245, 437 N.Y.S.2d 502 (1981). Since the disclaimer of liability in the instant case does not meet the requirements of section 2–316, the implied warranties of merchantability and of fitness for a particular purpose have not been waived.

■ Appellant alleges that the additional equipment, which Appellee installed approximately a month before the burglary occurred, did not function from the time that it was installed.

Since Appellant's allegations involve a factual controversy, the case must be remanded for trial. If the finder of fact determines that the equipment was defective, Appellant may have a cause of action against Appellee for breach of warranty of merchantability and/or breach of warranty of fitness for a particular purpose.

1.  N.Y. U.C.C. § 1–101 et seq. (Consol. 62½).

For the foregoing reasons, the order of April 21, 1981, is reversed; and the case is remanded for trial.