■ CHARLENE DAVIS, Respondent-Appellant, v ST. JOSEPH'S CHILDREN'S SERVICES, Appellant-Respondent. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered May 6, 1983, granting defendant's motion to dismiss the complaint to the extent of dismissing the causes of action for

negligence, and granting plaintiff's cross motion for leave to amend the complaint to allege an action for breach of contract, is modified, on the law, without costs, to deny plaintiff's cross motion for leave to amend the complaint to allege an action for breach of contract, and otherwise affirmed. ¶ In July, 1975, while plaintiff was residing as a foster child in a facility maintained by defendant St. Joseph's Children's Services, she was raped in her room by intruders. She was raped a second time in December, 1976 under almost identical circumstances. ¶ An action for personal injuries claiming negligent supervision by defendant was commenced by service of a summons and complaint upon defendant in June, 1980. Defendant moved under CPLR 3211 (subd [a], par 5) to dismiss the action on the ground that the action was time barred under the three-year Statute of Limitations applicable to personal injury actions (CPLR 214, subd 5), plaintiff having become 18 years old on January 13, 1977 (see CPLR 208). Plaintiff cross-moved for permission to serve an amended complaint which added a third cause of action based on breach of the uniform contract for foster care services between the New York City Department of Social Services and the defendant upon the theory that plaintiff was a third-party beneficiary of said contract. Special Term granted the motion to dismiss the negligence causes of action as time barred, but also granted the motion for permission to amend the complaint to allege an action for breach of contract. ¶ We modify to deny the motion for permission to serve the amended complaint, and otherwise affirm. The proposed contract cause of action is also barred by the three-year Statute of Limitations. ¶ The controlling principles were set forth by the Court of Appeals in *Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389), which followed and amplified the analysis previously advanced in *Matter of Paver & Wildfoerster (Catholic High School Assn.)* (38 NY2d 669), an arbitration case. The court reaffirmed (at pp 394-395) that "[T]he choice of applicable Statute of Limitations is properly related to the remedy rather than to the theory of liability", took note of the line of cases in which the choice of Statute of Limitations had turned on what was described as the "essence" of the particular theory of liability on which the plaintiff relied, and observed (at p 395) that " 'many of these cases were decided in the context of causes of action to recover damages for direct or underlying personal injury' ". ¶ The opinion stated (at p 395) that different policy considerations were involved in "actions for damages to property or pecuniary interest only", and concluded that an action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of Limitations. (CPLR 213, subd 2.) In so concluding, however, the Court of Appeals noted (p 395) that it did so "[w]ithout intending to disturb the holdings in the line of cases that deal with claims for personal injuries for malpractice". Although this qualification explicitly addressed only claims for personal injuries for malpractice, it seems reasonably clear from the court's general analysis that it was intended to apply as well to claims for personal injuries for negligence. In this case, the proposed contract theory of liability set forth in the third cause of action to the proposed amended complaint quite plainly seeks damages for personal injuries only. Accordingly, the three-year Statute of Limitations for personal injury actions continues to be applicable. Concur — Murphy, P. J., Kupferman, Sandler, Milonas and Alexander, JJ.