■ LEIF ERICKSON, Appellant, v YMCA OF NYACK, Respondent. — In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Rockland County (Marbach, J.), dated March 16, 1984, which granted defendant's motion to dismiss the complaint as time barred.

Order affirmed, with costs.

Special Term correctly found unavailing plaintiff's attempts to couch his personal injury claim in terms of a breach of contract or breach of warranty against the defendant. The record clearly shows that the essence of this matter is the plaintiff's claim to recover damages for personal injuries incurred as a result of an allegedly defective condition of the defendant's gymnasium floor. Hence, this case is governed by the three-year Statute of Limitations period provided in CPLR 214 (5) (Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389; Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669; Davis v St. Joseph's Children's Servs., 99 AD2d 960; Baratta v Kozlowski, 94 AD2d 454; Marie v European Health Spas, 79 AD2d 749). Inasmuch as this action was commenced more than five years after plaintiff's accident, it was properly dismissed. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ SCOTT GDANSKI, an Infant, by His Parents and Natural Guardians, SAM Z. GDANSKI and Another, et al., Respondents, v INDIANAPOLIS SPEEDWAY, INC., et al., Appellants. — Order of the Supreme Court, Rockland County, dated February 14, 1984, affirmed, insofar as appealed from, with costs, for reasons stated by Justice Ruskin at Special Term. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.