■ In the Matter of the Arbitration between CITY OF AMSTERDAM, Appellant, and LOCAL 2825, AMSTERDAM PROFESSIONAL FIREFIGHTERS, Respondent.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered December 21, 1984 in Montgomery County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Richard Roginski was employed by petitioner as a fire

fighter. In June 1984, Roginski injured his thumb while working in permitted outside employment and was disabled for approximately two weeks. He received salary from petitioner under sick leave provisions in the collective bargaining agreement between petitioner and respondent. Thereafter, petitioner sought reimbursement because the injury was sustained while Roginski was working on outside employment. Special Term denied petitioner's application for a stay of the arbitration demanded by respondent in the grievance procedure provided in the contract. This appeal followed.

The order should be affirmed. Petitioner fails to demonstrate how considerations of important public policy will be violated by arbitration, a showing required before arbitration of disputes in the field of public employment relations will be stayed (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631; *Mineola Union Free School Dist. v Mineola Teachers Assn.*, 46 NY2d 568, 571; *Belmont Cent. School Dist. v Belmont Teachers Assn.*, 51 AD2d 653, 654). The policy advanced by petitioner, that a municipality should not be required to pay accumulated sick leave to an employee injured during outside employment, does not involve significant constitutional or statutory issues but is simply a contractual dispute between the parties. Nor is arbitration precluded by the availability of benefits under the Workers' Compensation Law from the outside employer's insurance carrier. While Roginski's exclusive remedy against the outside employer is a claim for workers' compensation (Workers' Compensation Law §§ 11, 29; *Gyory v Radgowski*, 89 AD2d 867, 869), the limits of that relationship in no way preclude Roginski from using his sick leave with petitioner, the primary employer (*see, General Aniline & Film Corp. v Schrader & Son*, 12 NY2d 366, 369-370; 65 NY Jur, Workmen's Compensation §§ 14, 64 [1969]). Thus, the pursuit of arbitration here will not violate the restrictions of the Workers' Compensation Law.

Petitioner's final argument, that payment of sick leave benefits is prohibited by the NY Constitution, article VIII, § 1 as payment of a gift, is without merit. Sick leave provisions in a collective bargaining agreement have been authorized by statute (General Municipal Law § 92) and, if they are a condition of employment, do not offend the constitutional bar against the gift of money by a local subdivision of government (*see, Syracuse Teachers Assn. v Board of Educ.*, 42 AD2d 73, 75, *affd* 35 NY2d 743).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.