Dorothea E. Donaldson, J.
This claim, timely filed, and not submitted to any other tribunal for determination, alleges damages for personal injuries and medical expenses as a result of the negligence of and breach of warranty of fitness for use by the defendant, the State of New York. It is predicated upon the rental of allegedly defective roller skates issued to the claimant at the rink at James Baird State Park.
On July 18, 1960, claimant with his wife and two children attended an outing for businessmen at the James Baird State Park, a facility under the operation, maintenance and control of the State of New York. After participating in many events during the day, at about 8 o’clock in the evening, Mr. Zimkin and his younger son, in company with several adults and children, went roller skating at the rink in the park. They rented common-type, metal-frame skates with fiber wheels, toe clamps and leather ankle straps. The skate clamps and skate plate were adjusted by means of a skate key and the leather straps were tightened over the ankle by pulling the strap through a buckle. Claimant, who was wearing street shoes, put on and adjusted the roller skates, entered the rink and skated counterclockwise at its outer edge for at least six circuits for approximately 10 to 15 minutes. Figure .skaters occupied the center or inner portion of the macadam skating surface. Approximately 30 skaters were using the rink, of which only a few were figure skaters, while the rest were skating in the one general direction. The rink was lighted during the dusk-to-dark evening hours.
As claimant was completing his last circuit of the rink he stopped to talk to his wife who was seated on an adjacent spectator’s bench and advised her that he intended to fix a strap which was feeling loose on his skate. Mr. Zimkin testified that as he was skating the 50 to 60 feet to a bench for this purpose, the right skate strap broke into two pieces; that when *660 the right skate flew off his foot, he tried to protect himself with both hands as he fell but injured his left wrist. After his son and other persons had helped him to arise and his wife came over to him, claimant loosened and kicked off his left roller skate and went to the rental skating shed for first aid. Since there was no first aid available at this location, claimant and his party walked to the swimming pool where the lifeguard provided a temporary splint and ice.
Shortly thereafter, claimant was driven home and received medical attention from his family physician at about 10 o’clock that evening. Diagnosis was a comminuted displaced fracture of the left wrist.
Claimant contended that the defendant was negligent in that it supplied him with defective equipment and had breached the warranty of fitness for use arising out of the agreement of hire of roller skates to the claimant in that the skates were defective and dangerous and not fit for use as such. The defendant maintained that there was neither negligence nor breach of warranty because claimant was supplied with proper equipment in good condition, and that claimant’s lack of freedom from contributory negligence was a sufficient defense to the claim for negligence. The roller skates which participated in this accident were not produced.
The roller skating rink attendant who received the rental fees and dispensed skates to patrons testified that it was his responsibility to inspect the roller skates before issuance and to give patrons those skates which had operating clamps and straps. He maintained that claimant’s skates were returned to him, that he did not know who returned the .skates to him and that he set them aside for the park superintendent. The park superintendent testified that he examined the trucks, clamps and straps of these skates and found them in good operating condition. Claimant, on the other hand, testified that he personally did not return the skates to the rink attendant. His supporing witnesses testified .similarly. The evaluated conflicting testimony supports a finding that the leather ankle strap on claimant’s right roller skate did break. The court so finds. However, there was neither allegation nor proof proffered that the strap disintegrated or separated without the application of pressure from some source. The court had the opportunity to observe the claimant, an average height, well-built and well-proportioned individual, who had athletic experience in several sports, especially professional baseball, and military service. It must be observed that the manner in which individuals skate and in which individuals adjust skates vary.
*661 In a bailment for hire in the absence of express contractual representation to the contrary, a warranty is implied that the chattel is reasonably fit for the purpose for which it was intended. (Heath Dry Gas Co. v. Hurd, 193 N. Y. 255.) The warranty is especially applicable where the quality of the fitness is not easily visible or discernible by the ordinary observer. The bailor is liable when the warranty is breached. However, the bailee has a duty to exercise reasonable care in the use of the bailment. Failure to do so constitutes negligence.
Claimant has failed to prove that he exercised reasonable care in the adjustment and use of the roller skates or that the skates were not, at the time he received them, reasonably fit for the purpose for which they were intended. Covello v. State of New York (17 Misc 2d 637) cited by claimant’s counsel, is distinguishable and not applicable.
The claim predicated upon breach of warranty must be, and hereby is, dismissed.
In the claim based on negligence, claimant has failed to sustain the burden of proof. Therefore, this claim must be, and hereby is, dismissed.
The motions made at the close of claimant’s case, upon which decision was reserved, are denied. The motions to dismiss made by the defendant at the close of the entire case, upon which decision was reserved, are granted.