Michael R. HOOD, an infant over the age of 14 years, by his guardian ad litem, Robert A. Hood, and Robert A. Hood, individually, Plaintiffs,

v.

P. BALLANTINE & SONS, Defendant.

P. BALLANTINE & SONS, Third-Party Plaintiff,

v.

THATCHER BOTTLE MANUFACTUR-ING CO., Inc., Third-Party Defendant.

United States District Court
S. D. New York.
Sept. 30, 1965.

William A. Blank, Brooklyn, N. Y., for plaintiff.

Marvin, Montfort, Healy & Cuff, Garden City, N. Y., for defendant.

Michels, Gangel & Walton, New York City, for third party defendant.

CANNELLA, District Judge.

Motion by plaintiff Michael R. Hood, to amend the complaint and pre-trial order pursuant to Rule 15(a) and (c) of the Federal Rules of Civil Procedure, by adding a claim for breach of warranty, is granted.

The plaintiff, an employee of H. C. Bohack Co. Inc., commenced a negligence action for money damages on September 21, 1959 against P. Ballantine & Sons, due to personal injuries received when a beer bottle allegedly exploded on June 22, 1959, severely injuring his right eye. The defendant denied the alleged negligence and interpleaded Thatcher Bottle Manufacturing Co. Inc., the bottle manufacturer. The third party complaint was amended on May 21, 1963 to state a cause of action for breach of warranty against the third party defendant.

Plaintiff now seeks to add a cause of action against the defendant for breach of warranty.

The plaintiff has also instituted a suit in the New York Supreme Court against the defendant and third party defendant. However, it has been estimated that the case will not be reached for about four years.

Rule 15(a) of the Federal Rules of Civil Procedure allows a person to amend his pleading by leave of court when justice so requires, if he has failed to amend it as of right within the permissible time limitation.

Since the plaintiff filed his complaint, the New York State decisional law in this area has changed. As the Court of Appeals in Goldberg v. Kollsman Instrument Corp., 12 N.Y.2d 432, 240 N.Y.S.2d 592, 191 N.E.2d 81 (1963) stated: "A breach of warranty, it is now clear, is not only a violation of the sales contract out of which the warranty arises but is a tortious wrong suable by a noncontracting party whose use of the warranted article is within the reasonable contemplation of the vendor or manufacturer." See also Randy Knitwear, Inc. v. American Cyanamid Co., 11 N.Y.2d 5, 226 N.Y.S.2d 363, 181 N.E.2d 399 (1962); Greenberg v. Lorenz, 9 N.Y.2d 195, 213 N.Y.S.2d 39, 173 N.E.2d 773 (1961).

The breach of warranty claim arises out of the same set of facts upon which the present claim of negligence is predicated, thus eliminating the possibility of surprise. See Adams v. Beland Realty Corp., 187 F.Supp. 680 (E.D.N.Y.1960).

The great mass of litigation that exists is further increased by the fragmentation of suits. It is desirable from the communal viewpoint that all aspects of a litigation be terminated at one time. In the interest of accomplishing this end, the amendment is allowed. The amendment to the complaint will relate back to the date of the original pleading. Rule 15(c) Federal Rules of Civil Procedure; Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945).

The pre-trial order shall also be amended to include this issue.

In the order, provisions shall be made pursuant to Rule 15(a) Federal Rules of Civil Procedure, to allow the defendant an opportunity to answer the amendment.

Submit order.