Serafino **CATAPANO** and Patricia Catapano, Plaintiffs,

v.

**WESTERN AIRLINES, INC.**, Defendant.

No. 83 CV 3882.

United States District Court, E.D. New York.

April 23, 1985.

Eugene Haber, New York City, for plaintiffs.

Condon & Forsyth, New York City (Michael J. Holland, New York City, of counsel), for defendant.

## ORDER

McLAUGHLIN, District Judge.

This action was removed to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1441. Plaintiffs have made three motions: 1) to amend their complaint to allege a new claim; 2) to have a jury trial; and 3) to order defendant to produce an employee for oral deposition. Defendant opposes all three motions, and has cross-

moved for a protective order to permit deposition of the employee only in California.

### Facts

Plaintiffs, husband and wife, were passengers on defendant's flight from Salt Lake City to Los Angeles in January 1983. Plaintiff husband alleges that during the flight he was served a drink that contained pieces of broken glass. Immediately after drinking the cocktail, he began to bleed from the mouth, and he became nauseous.

Plaintiffs' complaint alleges two claims: 1) negligence, for the husband's physical, economic and psychological loss; and 2) a derivative action by Mrs. Catapano for the loss of her husband's companionship. Plaintiffs did not demand a jury trial.

During discovery, plaintiffs deposed Lorraine Brown. They assert that it was at this deposition, on September 19, 1984, that they first became aware of the identity of one of the stewardesses aboard the flight, Toni Buffalino. They then moved, pursuant to Fed.R.Civ.P. 30(b)(6), to force defendant to produce Ms. Buffalino for deposition. They also moved to amend their complaint to assert a claim of breach of warranty. Fed.R.Civ.P. 15(a). Shortly thereafter, plaintiffs filed yet another motion, this time seeking a jury trial, claiming that the parties had previously stipulated to a jury trial. Fed.R.Civ.P. 39. All three motions are now before the Court.

### Discussion

1. *The Motion to Amend the Complaint*

■ The Federal Rules of Civil Procedure provide that after an answer is served, the plaintiff may amend his complaint only by leave of the Court; but "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should be granted, therefore, absent undue delay or bad faith on the part of the movant, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ Although plaintiffs moved to amend more than one year after filing their complaint, this alone does not constitute undue delay. *See State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981); *Middle Atlantic Utilities Co. v. S.M.W. Development Co.*, 392 F.2d 380, 384 (2d Cir.1968). Additionally, defendant will not be unduly prejudiced, because plaintiffs do not raise new issues of fact. *State Teachers Retirement Board v. Fluor Corp., supra*, 654 F.2d at 856. Accordingly, plaintiffs' motion to add a breach of warranty claim is granted.

2. *Plaintiffs' Demand for a Jury Trial*

■ By failing to make a jury demand within 10 days after the close of the pleadings, plaintiffs waived their right to a jury trial regarding all issues in the dispute. Fed.R.Civ.P. 38(d); *Washington v. New York City Board of Estimate*, 709 F.2d 792, 797 (2d Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983); *Lanza v. Drexel*, 479 F.2d 1277, 1310 (2d Cir.1973) (en banc). A jury demand made for the first time in an amended pleading creates a right to a jury trial only as to new issues of fact raised by the amended pleading. The assertion of new legal theories based on facts previously pleaded does not suffice. *Rosen v. Dick*, 639 F.2d 82, 94–96 (2d Cir.1980).

■ Although plaintiffs will now amend their complaint to include a claim for breach of warranty, they concede that the amended complaint raises no new issues of fact (Plaintiff's Affidavit in Support of Motion to Amend Complaint, p. 2). In the absence of such new issues, plaintiffs have no right to a jury trial. *Rosen v. Dick, supra; Anaconda-Ericsson, Inc. v. American District Telegraph Co.*, 101 F.R.D. 13, 15 (E.D.N.Y.1984); *Leighton v. New York, S. & W. R.R. Co.*, 36 F.R.D. 248, 249 (S.D. N.Y.1964).

Plaintiffs request that the Court order a jury trial pursuant to Fed.R.Civ.P. 39(b), which provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a

jury of any or all issues." Fed.R.Civ.P. 39(b).

Prior to the decision in *Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir.1983), a party seeking relief under Rule 39(b) was required to demonstrate that his failure to demand a jury trial initially was due to more than mere inadvertence. *See Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 70 (2d Cir.1967). *Cascone*, however, held that the *Noonan* rule does not apply to failures to make timely jury demands in actions removed to federal court. *Cascone v. Ortho Pharmaceutical Corp., supra*, 702 F.2d at 393.

■ Applying *Cascone* to the facts in this case, I conclude that plaintiffs' motion should be granted for several reasons. First, plaintiffs' claim was originally filed in New York State Supreme Court, which does not establish a specific time in which a jury must by demanded. *See* N.Y.C.P.L.R. § 4102 (McKinney 1981 & Supp.1984); *Cascone v. Ortho Pharmaceutical Corp., supra*, 702 F.2d at 392–93; *Mori v. Port Authority of New York and New Jersey*, 100 F.R.D. 810, 812 (S.D.N.Y.1984). Second, personal injury actions such as this are usually tried to a jury. *Cascone v. Ortho Pharmaceutical Corp., supra*, 702 F.2d at 392; *Unger v. Cunard Line, Inc.*, 100 F.R.D. 472, 474 (S.D.N.Y.1984). Finally, there is no demonstrable prejudice to defendant if the motion is granted. *Sherwood Apartments v. Westinghouse Electric Corp.*, 101 F.R.D. 102, 104 (W.D.N.Y. 1984). Accordingly, plaintiffs' motion for a jury trial as to all issues in the action is granted.

### 3. *The Discovery Motions*

Finally, plaintiffs seek an order compelling defendant to produce Toni Buffalino for deposition. Fed.R.Civ.P. 30(b)(6). Defendant claims Ms. Buffalino is no longer an employee, and has cross-moved for a protective order requiring that any deposition of Ms. Buffalino be taken in California, where she resides.

■ Because Ms. Buffalino is no longer an employee of defendant, her attendance at a deposition may be compelled only by subpoena. *Sykes International, Ltd. v. Pilch's Poultry Breeding Farms, Inc.*, 55 F.R.D. 138, 139 (D.Conn.1972). The subpoena must be issued by the Clerk of the Court for the district in which the deposition is to be taken. Fed.R.Civ.P. 45(d)(1). If Ms. Buffalino resides in the district where the subpoena is served, then the deposition shall take place in the county in which she resides, is employed, or transacts business. If she does not reside in that district, the deposition shall take place in the county in which she is served with the subpoena or within 40 miles of the place of service. Additionally, the Court has the power to fix any other convenient place for taking the deposition. Fed.R.Civ.P. 45(d)(2).

The record does not reflect service of a subpoena upon Ms. Buffalino. In the absence of such a subpoena, no Order can be issued compelling the witness's deposition at any location. Accordingly, there is no need for a protective order.

For the foregoing reasons, then, plaintiffs' motion to amend the complaint is granted, their motion for a jury trial is granted, and their motion to compel discovery is denied. Plaintiffs will serve and file their amended complaint within 15 days of this Order.

SO ORDERED.