■ MI SUK BULEY et al., Respondents, v BEACON TEX-PRINT, LTD., Appellant, et al., Defendant. (And Third-Party Actions.) —In an action to recover damages for personal injuries, etc., the defendant Beacon Tex-Print, Ltd., appeals from so much of an order of the Supreme Court, Dutchess County (Rosato, J.), dated October 9, 1984, as granted that branch of the plaintiffs' motion which sought leave to serve an amended complaint to the extent of permitting them to serve an amended complaint which included a cause of action sounding in strict products liability.

Order affirmed insofar as appealed from, with costs.

Appellant argues on the instant appeal that as a mere lessor of the allegedly defective machine it may not be held strictly liable in tort and that Special Term erred in permitting the plaintiffs to serve an amended complaint to include a cause of action sounding in strict products liability against it. In support of this argument, the appellant has submitted, as an exhibit to its appellate brief, a copy of the lease entered into between it, as lessor, and the injured plaintiff's employer, as lessee.

We disagree with the appellant's argument.

Although the general rule is that only manufacturers and sellers may be held strictly liable in tort *(see, e.g., Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 514), this court has recognized that some leases, i.e., those made by an individual in the business of leasing the particular product, could give rise to a cause of action sounding in strict products liability *(see, Samaras v Gatx Leasing Corp.,* 75 AD2d 890; *see also, Nastasi v Hochman,* 58 AD2d 564). Moreover, "[i]t is the established rule that the legal sufficiency or merits of a proposed amendment of a pleading will not be examined on the motion to amend unless the insufficiency or lack of merit is clear and free from doubt" *(Goldstein v Brogan Cadillac Oldsmobile Corp., supra,* p 514).

The record before Special Term, however, does not furnish any basis for determining whether the subject lease was an isolated transaction or, alternatively, was made by an individual in the business of leasing the product. Nor can this omission in the record before Special Term be cured by reference to the lease entered into between the appellant and the plaintiffs' employer. That document was not submitted to Special Term, and "[i]t is axiomatic that appellate review is limited to the record made at nisi prius and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level" *(Broida v Bancroft,* 103 AD2d 88, 93).

Accordingly, the appellant's argument in this regard must be rejected.

The appellant additionally argues on appeal that the proposed amendment to the complaint should not have been permitted due to the plaintiffs' inexcusable delay and the resulting prejudice to it.

Again, we disagree with the appellant's argument. It is well established that leave to amend pleadings shall be freely granted absent prejudice or surprise resulting from a delay

*(see, e.g., McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757), and that mere delay, absent a showing of prejudice, is insufficient to deny such leave *(see, Kalish v Manhasset Med. Center Hosp.,* 100 AD2d 507, 508; *Goldstein v Brogan Cadillac Oldsmobile Corp., supra,* p 513). Here, the appellant had notice of the underlying transaction from the plaintiffs' original complaint and the proposed cause of action contains no factual allegations which are not in the original complaint *(see, Gardner v Fyr-Fyter Co.,* 55 AD2d 816).

Accordingly, Special Term's granting of leave to serve an amended complaint including a cause of action sounding in strict products liability was proper, and the order appealed from must be affirmed insofar as appealed from. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.