**Yo ASSAM, Plaintiff,**

v.

**DEER PARK SPRING WATER, INC., Defendant, Third–Party Plaintiff,**

v.

**NATIONAL WESTMINSTER BANK CORP., INC., Third–Party Defendant.**

No. 94–CV–1576(JS).

United States District Court, E.D. New York,

Sept. 27, 1995.

Arthur Lichtman, Capriano, Lichtman & Flach, New York City, for Plaintiff.

Steven B. Getzoff, Lester, Schwab, Katz & Dwyer, New York City, for Defendant.

Brian J. Powers, Caulfield, Heller & Harris, New York City, for Third–Party Defendant.

### ORDER

SEYBERT, District Judge:

Upon reviewing the annexed report and recommendation of Magistrate Judge A. Simon Chrein made on September 8, 1995, to which the parties have filed no objections, the Court adopts the Magistrate Judge's recommendation that plaintiff's motion to amend the complaint be granted.

SO ORDERED.

### REPORT AND RECOMMENDATION

CHREIN, United States Magistrate Judge.

By order dated June 28, 1995, the Honorable Joanna Seybert referred the above referenced matter to the undersigned Magistrate Judge for a report and recommendation on plaintiff's motion to amend the complaint. For the reasons set forth below, it is my respectful recommendation that the motion be granted.

### BACKGROUND:

On February 15, 1994, plaintiff, Yo Assam ("Assam"), filed a summons and complaint alleging that she fell and sustained severe personal injuries due to the negligence of the defendant, Deer Park Spring Water ("Deer Park"). The plaintiff alleges that on August 25, 1993, while she was working at her place of employment, she slipped and fell because of a leaking Deer Park water bottle which was placed on the carpet outside the kitchen area.

On April 15, 1994, a third party summons and complaint was filed by Deer Park against the plaintiff's employer, National Westminster Bank Corp., Inc. ("NatWest"), alleging that if Assam sustained her injuries in the manner alleged, then the injuries were caused by the negligence of NatWest in failing to properly maintain the water bottle in question, failing to maintain the immediate area surrounding the bottled water, failing to warn Assam and others of the existing conditions and in creating and causing a dangerous and hazardous condition to exist in the place where Assam was present. *See Third Party Summons and Complaint, annexed as Exhibit 1 to Plaintiff's Notice of Motion to Amend the Complaint.*

Assam now seeks to amend her original complaint against Deer Park to include causes of action for (1) strict products liability (2) breach of warranty and (3) failure to warn. Plaintiff alleges that she did not know until the recent deposition of Mr. Thomas Eder that Deer Park was responsible for the manufacturing, control, inspection and testing of the bottles in which the water they sold was distributed. *See Plaintiff's Notice of Motion to Amend the Complaint, dated March 15, 1995.* Deer Park alleges that it is not responsible for the manufacturing of the bottles and in addition, that Assam knew early on in the discovery process that they were responsible for inspection of the bottles. *See Affirmation of Steven B. Getzoff in Opposition to the Motion to Amend the Complaint.* Counsel for the defendant argues that the plaintiff's additional claims are without merit and that the plaintiff has delayed in moving to amend the complaint and that allowing amendment of the complaint would unduly prejudice the defendant. *See Affirmation of Steven B. Getzoff in Opposition to the Motion to Amend the Complaint.*

### DISCUSSION:

I. *Rule 15(a) Policy*

 Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Courts have interpreted this provision liberally. *Gillespie v. U.S. Steel Corp.,* 379 U.S. 148, 158, 85 S.Ct. 308, 314, 13 L.Ed.2d 199 (1964). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. When permitting the amendment would require extensive preparation and consume extensive amounts of trial time to the detriment of a speedy resolution of the case, the amendment should be denied. *E.E.O.C. v. Sage Realty Corp. Inc.*, 87 F.R.D. 365, 371 (S.D.N.Y. 1980).

The District Court has broad discretion over whether to grant or deny the motion to amend, however outright refusal to grant the leave without any justifying reason appearing for the denial is an abuse of discretion and inconsistent with the spirit of the Federal Rules. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary, allowing disputes to be resolved upon the merits rather than on the basis of procedural technicalities. *Foman*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *See also Matter of Oswego Barge Corp.*, 439 F.Supp. 312, 323 (N.D.N.Y.1977). It is desirable to have all aspects of a litigation terminated at one time, thus, negating any possibility of fragmented suits. *Hood v. P. Ballantine and Sons*, 38 F.R.D. 502, 503 (S.D.N.Y.1965).

II. *Merit to Causes of Action—Futility of the Amendment*

When leave to amend the complaint would be futile, the motion to amend should be denied. *Long v. United States Dep't of Defense*, 616 F.Supp. 1280, 1284 (E.D.N.Y. 1985). The defendants argue that there is no merit to the three causes of action sought to be added to the original complaint in this action. To sustain its right to amend the complaint, the plaintiff does not have to prove all the elements of the proposed claim; it is sufficient if plaintiff demonstrates there is some plausible basis in the record to support these claims. *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274 (4th Cir.1987).

A. *Breach of Warranty:*

The plaintiff seeks to add breach of warranty as a cause of action in this law suit. The defendant argues that the plaintiff should not be allowed to add a breach of warranty cause of action, because Deer Park did not sell water bottles, but provided a water delivery service to Natwest. The defendant claims this cause of action can not be added because there was no sale under Article 2[1] of the Uniform Commercial Code ("UCC"). Both sides cite cases that discuss the distinction between contracts for *sales* or *services*. *Triangle Underwriters, Inc. v. Honeywell Inc.*, 604 F.2d 737, 742–43 (2d Cir.1979), states that the test for determining whether the contract is for the sale of goods or services is straight-forward:

"A contract is for 'services' rather than 'sale' when 'service predominates' and the sale of items is 'incidental'.... While certain services.... [may be] contemplated, the contract remains one for sale if those services were 'merely incidental or collateral to the sale of goods'...."

*See also Perazone v. Sears, Roebuck, and Co.*, 515 N.Y.S.2d 908, 912, 128 A.D.2d 15, 20 (3rd Dep't 1987) (when the predominant character of a transaction is the sale of goods, it is subject to Article 2 of the UCC, even though the contract covered related services).

The present case differs from the cases mentioned above and this court need not determine whether the contract was predominantly for the sale of goods or services. In the instant case Deer Park sold water to NatWest, however Deer Park retained title to the water bottles at all times, essentially leasing the water bottles to NatWest. The closest analogue to the instant situation is that of a lease or bailment situation. The common law recognizes that a "lessor of a chattel will be held to have made an implied warranty that the chattel in question is fit to

---

**1.** Article 2 of the Uniform Commercial Code ("UCC") governs sales contracts. When a company sells goods within the meaning of UCC article 2, certain warranties are made to the buyer. *Perazone v. Sears, Roebuck*, 515 N.Y.S.2d 908, 912, 128 A.D.2d 15, 20 (3rd Dep't. 1987).

be used as intended." *Winckel v. Atlantic Rentals & Sales, Inc.,* 557 N.Y.S.2d 951, 953, 159 A.D.2d 124 (2d Dep't. 1990). Therefore, plaintiff can properly bring a breach of warranty action against the defendant as it would not be futile to add this cause of action. *See Vander Veer v. Tyrrell,* 287 N.Y.S.2d 228, 233, 29 A.D.2d 255, 259 (3rd Dep't. 1968); *Tully v. Empire Equip. Corp.,* 282 N.Y.S.2d 322, 28 A.D.2d 935 (2d Dep't. 1967) (a leasing company defendant's motion to dismiss the breach of implied warranty action was properly denied by the lower court); *Zimkin v. State of New York,* 254 N.Y.S.2d 845, 44 Misc.2d 658 (Ct.Cl., 1964).

*B. Strict Liability:*

In *Perazone,* the Court noted that a retailer may be held strictly liable for its sale of a defective product which it did not manufacture. 515 N.Y.S.2d at 913, 128 A.D.2d at 20 (a strict liability cause of action had been extended to retailers for policy reasons). *See also Sukljian v. Charles Ross & Son Co., Inc.,* 69 N.Y.2d 89, 95, 511 N.Y.S.2d 821, 503 N.E.2d 1358 (1986); *Mead v. Warner Pruyn Div., Finch Pruyn Sales, Inc.,* 394 N.Y.S.2d 483, 484, 57 A.D.2d 340, 341 (1977). New York law imposes strict liability for defective products upon manufacturers and those who place the product in the stream of commerce. *Bickram v. Case I.H., B.G.S. Leasing Systems, Inc.,* 712 F.Supp. 18, 22 (E.D.N.Y. 1989). *See also Weissman v. Dow Corning Corp.,* No. Civ. 92–7820, 1995 WL 406096 (WCC), at *6 (S.D.N.Y. July 7, 1995), citing *Kirby v. Rouselle Corp.,* 108 Misc.2d 291, 295, 437 N.Y.S.2d 512, 515 (1981) (plaintiff can recover against those responsible for placing the product in the marketplace, including manufacturers, distributors, retailers, processors and makers of component parts). Imposing liability on these parties is reasonable because the burden of compensating those injured should be spread to the parties responsible for the defect and those in the best position to eliminate dangers in the future. *Bickram,* 712 F.Supp. at 22.

The defendant argues that the plaintiff can not add the strict liability cause of action because the defendant did not sell the water bottles to NatWest, but provided a water delivery service. I find this argument unpersuasive and conclude that the defendant can be sued under a strict products liability theory as a commercial lessor.

"A commercial lessor of a product will be held strictly liable for personal injuries, just as would a product manufacturer, even in the absence of privity, at least where the product lease in question was 'made by an individual in the business of leasing a particular product.'" *Winckel,* 557 N.Y.S.2d at 954.

Leases made by individuals in the business of leasing a particular product can give rise to a cause of action sounding in strict products liability. *Buley v. Beacon Tex–Print Ltd.,* 118 A.D.2d 630, 631, 499 N.Y.S.2d 782, 783 (2d Dep't. 1986). In *Buley,* leave to amend the complaint was granted to add a strict products liability claim against lessor, who leased the allegedly defective machine to the plaintiff's employer. *Id.* at 632, 784. "A commercial lessor who introduces a defective product into the marketplace should be subject to the same potential liability that faces the manufacturer or retailer of a defective product." *Winckel,* 557 N.Y.S.2d at 952. *See also Opera v. Hyva, Inc.,* 450 N.Y.S.2d 615, 86 A.D.2d 373 (4th Dep't. 1982).

In this case, Deer Park supplies these, sometimes recycled, bottles to the public, if only for a limited time period as part of their normal course of business. Through the deposition of Thomas Eder, it is evident that Deer Park is responsible for inspecting the bottles for any possible defects and that Deer Park leased these bottles to NatWest. Therefore there is a colorable basis for the strict liability cause of action which the plaintiff proposes to add to the original claim of negligence. Accordingly, this proposed amendment should not be denied on the grounds of futility.

*C. Failure to Warn:*

The plaintiff seeks to include the allegation that Deer Park failed to warn the plaintiff of possible defects in its products. A supplier has a duty to warn because a product can still be dangerous even if it is not defectively designed. *Smith v. Hub*

406

*Mfg., Inc.*, 634 F.Supp. 1505, 1508 (N.D.N.Y. 1986). Where one fails to warn about dangers inherent when using a product, that product may be considered defective. *Lancaster Silo & Block Co. v. Northern Propane Gas Co.*, 75 A.D.2d 55, 427 N.Y.S.2d 1009 (4th Dep't. 1980). When a supplier of a product is aware or reasonably aware that the product is dangerous when put to a foreseeable use, that supplier is charged with a duty "to exercise reasonable care to inform the user of the facts which make the product dangerous." *Young v. Elmira Transit Mix, Inc.*, 52 A.D.2d 202, 204–205, 383 N.Y.S.2d 729, 731 (4th Dep't 1976) (citations omitted). New York courts have also held that "inadequate warnings will render a product defective for purposes of warranty and strict products liability." *Ezagui v. Dow Chem. Corp.*, 598 F.2d 727, 733 (2d Cir.1979). In comparing a failure to warn case brought in negligence and one brought in strict tort liability, the distinction is that under strict tort liability, the plaintiff does not need to prove that the defendant "knew or should have known of the harmful character of the product without a warning." *Lancaster Silo & Block Co. v. Northern Propane Gas Co.*, 75 A.D.2d 55, 64, 427 N.Y.S.2d 1009, 1015 (4th Dep't 1980).

There are allegations that the bottles which carried the water sold by Deer Park were under tremendous pressure. *See Affirmation in Further Support of Plaintiff's Motion to Amend the Complaint, dated April 5, 1995.* Deer Park would have no reason to believe that consumers of the water would be aware of this potentially dangerous pressure. Whether warnings were necessary and reasonable is a question for the jury to decide. *Lancaster,* 427 N.Y.S.2d at 1015, 75 A.D.2d at 64 (citations omitted). Accordingly, it is not futile to add a failure to warn cause of action to this complaint.

### III. *Prejudice to the Defendant*

The defendant argues that the plaintiff's motion to amend should be denied because the proposed amendments prejudice the defendant. They specifically claim that the plaintiff unduly delayed bringing this motion to amend and that they will be required to conduct additional discovery to defend

against these additional claims, thereby suffering severe prejudice.

### *Undue Delay:*

The defendant argues that the plaintiff unduly delayed in bringing this motion to amend. Defendant claims that the plaintiff was informed through interrogatory answers submitted in October 1994 that Deer Park inspects the water bottles prior to re-use. Defendant therefore asserts that plaintiff's claim that she did not know the defendant inspects the bottles until after the February 2, 1995 deposition of Mr. Eder is false. In addition, defendant claims that the plaintiff unreasonably delayed moving to amend the complaint by waiting until forty days after Mr. Eder's deposition was taken to file this motion.

The plaintiff argues that they received more information on the inspection process from Mr. Eder's deposition than they received from the interrogatory answers. In addition, plaintiff argues that they waited forty days to file this motion after the Eder deposition because they waited for the transcript of Mr. Eder's deposition to be received from the reporting service, reviewed the transcript and then prepared the present motion.

The amendment will not be allowed when the moving party is guilty of delay in requesting leave to amend and the amendment would have the effect of prejudicing another party to the action. *Ansam Assoc., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d.Cir.1985) (upheld trial court's decision to deny motion to amend where the proposed additional claims concerned a different time period, alleged an entirely new set of operative facts, discovery was completed and defendant had already filed a motion for summary judgment). If, however, the party moving to amend can demonstrate that the delay was not excessive and there was reasonable justification for the delay, the amendment may be allowed. *Island Creek Coal Co.,* 832 F.2d at 279. Delay alone unaccompanied by a proclaimed reason for not allowing the amendment, such as prejudice or bad faith, will not usually warrant denial of leave to amend. *Rachman Bag Co. v.*

*Liberty Mut. Ins. Co.,* 46 F.3d 230, 235 (2d Cir.1995) (court granted motion to amend answer to add defense of fraudulent concealment four years after the complaint was filed). *See also Catapano v. Western Airlines, Inc.,* 105 F.R.D. 621, 623 (E.D.N.Y. 1985) (moving to amend the complaint more than one year after filing of the law suit alone does not constitute undue delay).

In *Island Creek* the lower court denied a motion to amend the complaint to add a claim for after-sale negligence by failure to warn of a defect in the machinery. 832 F.2d at 279. The defendants argued they would be prejudiced because this new cause of action required additional discovery and the potential testimony of additional experts. *Id.* The Court of Appeals held that the lower court abused its discretion in denying the motion to amend the complaint, even though the suit had been pending for three and one-half years. *Id.* The motion to amend was filed three months after the buyers acquired knowledge of facts on which the new count rested and these facts were well known to the seller, therefore amendment was appropriate. *Id.*

 I find that there is no undue delay in this case. The plaintiff has submitted the motion to amend within one year of the filing of the original complaint. This is well within the time when amendments have been permitted. *See Rachman Bag,* 46 F.3d at 235; *Catapano,* 105 F.R.D. at 621. Further, discovery often justifies a subsequent amendment to the complaint. *Matarazzo v. Friendly Ice Cream Corp.,* 70 F.R.D. 556, 559 (E.D.N.Y.1976).

The allegations put forth by Assam in the proposed amended complaint are based on information obtained in the deposition of Mr. Thomas Eder on February 2, 1995. *See Excerpts from Deposition of Thomas Eder, dated February 2, 1995, annexed as Exhibit 2 to Plaintiff's Notice of Motion to Amend the Complaint, dated March 15, 1995.* Although the defendant argues that the same information was revealed to the plaintiff on October 7, 1994 in the Responses to Interrogatories submitted by the defendant, the interrogatories were available only five months before the time when the motion to

amend was filed. In *Island Creek,* the motion to amend was filed three months after the buyers had acquired knowledge of the facts upon which the new count rested. 832 F.2d at 279. While the plaintiffs delayed for three months, such delay did not appear excessive since the facts as first brought to plaintiff's attention were drawn from the depositions of defendant's witness taken only three months before. *Id.*

The instant case is similar to *Island Creek* in that the facts on which the proposed causes of action are based were well known to Deer Park. The information about the process of bottle inspection was well known to Deer Park and the facts of the accident are also known. While the plaintiff seeks to add additional causes of action, the operative facts remain the same. *Compare Ansam Assoc., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442 (2d Cir.1985).

Additionally, the answers to the interrogatories are less specific and do not reveal the detailed information given by Mr. Eder in his deposition as to the degree of the inspection that the bottles undergo at Deer Park. *Compare Interrogatories Responses dated October 7, 1994, annexed as Exhibit D to Defendant's Affirmation in Opposition.... dated March 15, 1995 at p. 4 with Deposition of Thomas J. Eder dated February 2, 1995, annexed as Exhibit 2 to Plaintiff's Notice of Motion.... pp. 18–25.* According to the plaintiff it was not until the deposition that they learned the inspections were only for "obvious defects," that the inspection took place before the bottles were filled with water under hydrostatic pressure and that there was no further visual inspection after the bottles were filled and capped. *See Affirmation in Further Support of Plaintiff's Motion to Amend, dated April 5, 1995, pp. 2–3.* Therefore, I do not find that the plaintiff waited an unreasonable amount of time to file this motion.

*Additional Discovery and Expense:*

 The moving party's failure to include the proposed amendment in the original pleading may put the opposing party to the added burden of further discovery, preparation and expense, thereby prejudicing that

party's right to a speedy and inexpensive trial on the merits. *See Brodvin v. Hertz Corp.,* 487 F.Supp. 1336 (S.D.N.Y.1980) (motion to amend answer denied because accident occurred seven years prior to the motion to amend and evidence had not been preserved); *Bradick v. Israel,* 377 F.2d 262 (2d Cir.1967), *cert. denied* 389 U.S. 858, 88 S.Ct. 101, 19 L.Ed.2d 124 (1967) (denial of plaintiff's motion to amend was not an abuse of discretion when it was filed more than four years after the original complaint and proposed the addition of three new causes of action on the eve of trial presenting novel theories of law with problems of proof).

Courts, however, grant motions to amend even though a new issue is injected into the action and the non-moving party may require further discovery to enable the case to be brought to trial on its real merits rather than foreclosing issues due to procedural flaws. *Key Pharmaceuticals, Inc. v. Lowey,* 373 F.Supp. 1190, 1193 (S.D.N.Y. 1974). The Court will consider the position of the parties and the effect the request will have on them. Even if some prejudice is found to the non-moving party, that prejudice must be balanced against the hardship to the moving party if he or she is denied leave to amend. *Scott v. Crescent Tool Co.,* 306 F.Supp. 884, 886 (N.D.Ga.1969) (citations omitted).

An adverse party's burden of undertaking discovery does not outweigh the Federal Rules' policy of liberally granting these amendments, thereby enabling the parties to adjudicate disputes on their merits. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund Co., Inc.,* 608 F.2d 28, 43 (2d Cir.1979). *See also Phillips v. Kidder, Peabody & Co.,* No. 87 Civ. 4936 (DLC), 1994 WL 570072, at *5 (S.D.N.Y. Oct. 13, 1994), citing *United States v. Continental Ill. Nat'l Bank and Trust Co.,* 889 F.2d 1248, 1255 (2d Cir.1989).

The plaintiff argues that the amendment should be granted to avoid fragmented litigation. Since the statute of limitations has not run on these additional claims, the plaintiff would be able to bring a separate suit on these causes of action if the motion to amend is denied. In *Studiengesellschaft Kohle mbH v. Novamont Corp.,* 485 F.Supp. 471, 477 (S.D.N.Y.1980), the court held that the time required for renewed discovery would be offset by the elimination of any additional litigation which might be necessary if amendment were denied.

The cases cited by the defense in opposition to the proposed amendments are extreme examples of when leave to amend can be denied. For example, in *Mende v. Dun & Bradstreet,* 670 F.2d 129, 131 (9th Cir.1982), the plaintiff's motion to amend was filed three days after the court ordered the plaintiff to deliver the answers to interrogatories to the defendant and to pay $300.00 in attorneys fees, the court apparently believed there had been undue delay even before the plaintiff filed his amended complaint. *Id.* at 131. In addition, the plaintiff did not inform the Court below that some of the issues in the proposed amended complaint had been raised fourteen years earlier in an action which was dismissed for failure to timely amend. *Id.* at 131, n. 1. Relying upon all these distinct factors the Ninth Circuit held that the trial court did not abuse its discretion by denying the leave to amend. *Id. Mende* is easily distinguished from the present case.

In the instant case, the proposed additional claims arise from the same set of operative facts and will not materially alter the nature of the action. *See Catapano,* 105 F.R.D. at 623, citing *State Teachers Retirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) (plaintiff requested leave to amend more than one year after complaint was filed and court held no prejudice because no new facts were asserted, therefore breach of warranty claim could be added). The case at bar is similar to *Hood v. P. Ballantine & Sons* where the plaintiff brought an action for injuries sustained when a beer bottle produced by the defendant exploded and plaintiff was allowed to amend the original claim for negligence to assert a claim for breach of warranty. 38 F.R.D. at 503. Since the claims in the instant case arose out of the same incident with the water bottle there is no unfair surprise. *See Hood,* 38 F.R.D. at 503 (where breach of warranty claim arises out of the same set of facts upon which the

present claim of negligence is predicated, the possibility of surprise is eliminated). The defendant will not be prejudiced although there will be some expense in deposing experts on bottle manufacturing. Deer Park claims they would have to depose the plaintiff again and representatives of plaintiff's employer. Defendant also claim that they would have to obtain experts to defend the case on the strict liability cause of action. *See Affirmation in Opposition to Plaintiff's Motion to Amend the Complaint dated March 28, 1995, pp. 3–4.* Courts have, however, granted motions to amend even though the defendant's might require further discovery. *See Key Pharmaceuticals,* 373 F.Supp. 1190.

I recognize that adding these additional causes of action will require the parties to conduct further discovery and probably delay the trial date, however it is prudent for the court to decide all the issues surrounding the same set of facts in one action. It is preferable to spend additional time and money at this juncture in pursuing further discovery rather than to incur the expense of fragmented litigation. Since this court finds that the proposed claims are not futile, that the plaintiff has not unduly delayed in bringing this motion, and that the defendant is not severely prejudiced; it is my respectful recommendation that the plaintiff's motion to amend her complaint be granted.

### CONCLUSION:

For the reasons set forth above it is the respectful recommendation of the undersigned that plaintiff's motion to amend her complaint is granted. Any objections to the recommendations contained herein must be filed with the Honorable Joanna Seybert on or before September 22, 1995. 28 U.S.C. § 636; Fed.R.Civ.P. 6, 72. Failure to object will preclude appellate review.

Dated: Brooklyn, New York

September 8, 1995