Scheinkman, J.
(concurring in the following memorandum). I agree with my colleagues that because landlord did not submit a copy of the lease to the court below, it was error for the court *59 below to have entered a final judgment awarding landlord possession of the premises and $1,210, based upon tenant’s failure to pay administrative fees, service fees and legal costs. I respectfully disagree with respect to the consideration given by the majority to the lease submitted by landlord as an appendix to its brief. Even though the lease was not submitted to the court below, landlord annexed what it represents to be the lease to its brief and argues that provisions of the lease support recovery of the fees and costs demanded. Landlord’s argument — that the lease authorizes the fees and legal costs claimed — was not raised in the court below.
It is the general rule that appellate review is limited to the matters presented in the record on appeal and, absent matters that may be judicially noticed, new facts may not be injected at the appellate level (Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn, 271 AD2d 656, 657 [2000]; Broida v Bancroft, 103 AD2d 88, 93 [1984] [appendix consisting of matters dehors the record disregarded]; see also Devellis v Lucci, 266 AD2d 180 [1999]). Incontrovertible documents not in the record may be considered by an appellate court for purposes of sustaining a judgment (Kirp v Caleb’s Path Realty Corp., 19 AD2d 744, 745 [2d Dept 1963]; accord State of New York v Peerless Ins. Co., 117 AD2d 370 [3d Dept 1986]). But, here, the majority uses the lease to reverse the judgment.
In Crawford v Merrill Lynch, Pierce, Fenner & Smith (35 NY2d 291, 299 [1974]), the Court of Appeals created an additional, narrow exception which permits an appellate court to consider incontrovertible documents for purposes of modifying or reversing a judgment where the documents would conclude protracted litigation and relieve the courts of the burden of having to conduct further proceedings which would ultimately be unnecessary. In Crawford, the Court considered rules of the New York Stock Exchange, not submitted below, in deciding that the dispute was arbitrable (see also Brandes Meat Corp. v Cromer, 146 AD2d 666 [1989] [sole defense to plaintiffs claim was allegation that plaintiff lacked standing to sue; lack of merit to defense was established by certificate from the Secretary of State]). Here, the final judgment falls, and the litigation ends by reason of the unanimous conclusion that landlord failed to submit the lease. Accordingly, there is no need to go further in order to save judicial resources and, in my view, the Crawford exception ought not to be invoked here (see Mi Suk Buley v Beacon Tex-Print, 118 AD2d 630 [1986] [refusing to consider lease, which was dehors the record, in support of argument by *60 tort defendant that it should not be subjected to strict liability as it was only the lessor of the allegedly defective equipment]; see also O’Connor-Sullivan, Inc. v Otto, 283 App Div 269 [1954] [lease considered on appeal for purposes of affirming judgment where, though not formally made part of record, a copy of the lease was submitted to the lower court and the lease had been recorded in the County Clerk’s office]).
Additionally, consideration of the lease gives rise to a further difficulty. Landlord argues that the lease authorizes the charges in question, an argument that was not made below. While the majority is correct that landlord has, in effect, conceded that the lease annexed (improperly) to its brief is genuine, landlord has by no means conceded that the lease should be construed as the majority construes it. The majority takes the concession that the lease is genuine and then rejects landlord’s argument, offered for the first time on appeal, as to how the lease should be construed. The record indicates that the court below simply assumed that landlord was entitled to what it was demanding. Since landlord’s present argument is raised for the first time in its brief on this appeal, I would not consider it (see Lebreton v New York City Tr. Auth., 267 AD2d 211 [1999]).
Accordingly, I would base the reversal here solely on the ground that landlord failed to submit the lease to the court below. While the other questions posed in this case are interesting, I would not decide any more than is strictly necessary to decide the matter and would leave the other issues, including the proper construction of the lease, to a case in which they have been properly presented.
Rudolph, P.J., and McCabe, J., concur; Scheinkman, J., concurs in a separate memorandum.